## Cohen v. Salsberg.

*Evidence—Witness—Party in interest—Act of May 23, 1887, P. L. 158, sec. 7.*

Under the Act of May 23, 1887, P L. 158, sec. 7, which permits the calling as for cross-examination of " any other person whose interest is adverse to the party calling him as a witness," the adverse interest of the party called 'must be involved in the question being tried, and it must be such as would be promoted by the success of the adversary of the party calling him. An execution defendant in a sheriff's interpleader is not such a person.

Argued Jan. 16, 1901. Appeal, No. 3, Jan. T., 1901, by plaintiff, from judgment of C. P. Luzerne Co., Dec. T., 1898, No. 257, on verdict for defendant, in case of Kanter & Cohen v. David Salsberg. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Sheriff's interpleader to determine the ownership of goods.

The facts are similar to those in Mann v. Salsberg, ante, p. 280.

At the trial, I. Rosenthal was called as for cross-examination by plaintiff. (Defendant's counsel objects to the witness being called as for cross-examination.) By plaintiff's counsel: Q. "You are a member of the firm of I. Rosenthal & Son? A. Yes, sir. Q. And you are one of the parties who confessed a judgment to David Salsberg as trustee for certain creditors of yours? A. Yes, sir. Q. And that is the same David Salsberg who is defendant in this suit? A. Yes, sir." (Plaintiff now proposes to call the witness as for cross-examination. Defendant's counsel objects.)

The Court: The issue here is whether the claimant had and still has title and right of property in the goods named in the statement in this case. The issue is between the claimant as plaintiff, and Salsberg as defendant. If the property at the time of the levy belonged to Rosenthal & Son, then Salsberg by his execution had the right to the proceeds thereof, to the extent of Rosenthal's indebtedness to Salsberg. On the other hand, if the title remained in the claimant, then it would withdraw so much from the grasp of the sheriff and the reduction of the debt to Salsberg, of Rosenthal. This being the question I do not see how Rosenthal can be said to be a party whose interest is adverse to the party calling him, the claimant in this suit, under the 7th section of the act of 1887. Exception noted and bill sealed for plaintiffs.

The court gave binding instructions for defendant. Plaintiff appealed.

*Errors assigned* were (1) in giving binding instructions for defendant. (2) Rulings on evidence, quoting the bill of exceptions.

*E. F. McGovern*, with him *D. C. Harrower*, for appellants.

*John T. Lenahan*, with him *James L. Lenahan* and *Edward A. Lynch*, for appellee.

OPINION BY W. D. PORTER, J., May 23, 1901:

The questions raised by the first and fourth specifications of error in this case were involved in the consideration of the record in the case of Mann v. Salsberg and are disposed of by the

opinion in that case this day filed. The second specification of error is without merit. Plaintiffs proposed to call I. Rosenthal, one of the execution defendants "as for cross-examination." Rosenthal was not "a party to the record or a person for whose immediate benefit such proceedings were prosecuted or defended." It is contended, however, that the plaintiffs had a right to call him in this manner under the provisions of the Act of May 23, 1887, P. L. 158, sec. 7, which permits the calling as for cross-examination of "any other person whose interest is adverse to the party calling him as a witness." The adverse interest, of the party called, must be involved in the question being tried, and it must be such as would be promoted by the success of the adversary of the party calling him. Even if this witness had been within the provisions of the statute, the injury to plaintiffs' cause, from the refusal to permit his examination in this case, was purely imaginary. The plaintiffs did examine this witness, and, although the questions were directly leading and he was treated as if adverse, he was permitted to answer every inquiry addressed to him. The witness was subsequently called by the defendants, and the plaintiffs cross-examined him at length.

Having reversed the judgment in Mann v. Salsberg upon the question raised by the third specification of error, for the reasons there given that specification is sustained.

The judgment is reversed and a venire facias de novo awarded.