## OGILVIE v. DEXTER HORTON ESTATE et al.*

### No. 8177.

Circuit Court of Appeals, Ninth Circuit.
Nov. 9, 1936.

Joseph Matsen, of Seattle, Wash., and John P. Matsen, of Newton·Centre, Mass., for appellant.

Shorts & Hartson, Bruce C. Shorts, Clinton H. Hartson, and Bruce Shorts, Jr., all of Seattle, Wash., for appellee Bondholders' Committee.

Evans, McLaren & Littell, of Seattle, Wash., Gottlieb & Schwartz, of Chicago, Ill., and ·Robert H. Evans, William G. McLaren, and Norman M. Littell, all of Seattle, Wash., for appellee Dexter Horton Estate.

J. Speed Smith, George Harroun, and Harroun & Schidler, all of Seattle, Wash., for appellees First Mortgage Bondholders.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal under section 24b of the Bankruptcy Act, as amended (11 U.S. C.A. § 47 (b), from an order of the District Court of the United States for the Western District ˙of Washington entered on April 11, 1936, denying a motion made by appellant to dismiss for want of jurisdiction voluntary proceedings for corporate reorganization instituted under section 77B of the Bankruptcy Act, as amended (11 U.S.C.A. § 207).

The Dexter Horton Estate, the debtor corporation and one of the appellees on this appeal, is a corporation organized under the laws of the state of Washington with a capital stock of 2,500 shares of fully paid and nonassessable common stock of the par value of $100 per share, to operate the Dexter Horton Building and the personal property therein, located at the corner of Second and Cherry streets in the city of Seattle, Wash.

The real and personal property of the corporation is subject to a first mortgage, dated June 28, 1927, recorded June 29, 1927, as a real estate and as a chattel mortgage, and subject to a second mortgage of the same date likewise recorded.

The first mortgage secures $2,020,000 of first mortgage 6 per cent. sinking fund gold bonds of the same date as the mortgage, upon which interest payments and sinking fund installments have been in default since July 1, 1933. The second mortgage secures $350,000 outstanding principal amount of general mortgage serial 7 per cent. gold bonds upon which interest

*Writ of certiorari denied 57 S. Ct. 319, 81 L. Ed. ——.

and serial maturities have been in default since July 1, 1932, and January 1, 1932, respectively.

On July 21, 1933, a committee known as the "Sherwin Committee," appellee herein, was formed for the alleged protection of depositing first mortgage bondholders, and on December 17, 1931, a committee known as the "Hardgrove Committee," appellee herein, was formed for the alleged protection of general mortgage bondholders.

On February 20, 1936, the Dexter Horton Estate filed its petition in the District Court for reorganization under section 77B of the Bankruptcy Act as amended, supra, setting out the above facts, to which was attached a plan of reorganization executed by the appellees herein which plan contemplates liquidation of the debtor, transfer of the mortgaged property to a new corporation free from the liens of the first and second mortgages and the issuance of securities of the new corporation in exchange for the bonds and stock of the debtor.

In support of her proposition that the lower court had no jurisdiction in this proceeding, appellant makes the following contentions: That the District Court has jurisdiction under section 77B of the Bankruptcy Act, supra, only if the debtor states in its petition "facts showing the need for relief under this section," that the only facts alleged showing need for relief are defaults in payments of mortgage indebtedness, that any reorganization altering or limiting secured claims would violate the Fifth Amendment of the Constitution, and that in view of this section 77B should not be construed as granting relief when the claims against the debtor from which relief is sought arise out of mortgage indebtedness; that section 77B should be construed as granting jurisdiction to the District Court to entertain proceedings for reorganization under that section only when the petition discloses facts under which the court would have jurisdiction to entertain a proceeding for equity receivership; that defaults in payment of mortgage indebtedness should not be considered in determining whether the debtor is unable to meet its debts as they mature.

At the outset it should be stated that in addition to its defaults in payment of its mortgage indebtedness the debtor alleged, as showing need for relief under section 77B, supra, that foreclosure proceedings were imminent, and that if the creditors of the debtor "were permitted to enforce the security of their debts; a race of diligence by all creditors to satisfy their claims against the debtor would be precipitated which would result in a multiplicity of suits and a dissipation of all the debtor's assets, thereby causing irreparable loss to the creditors of the debtor as well as its stockholders; that by reason of the economic depression and of the competition of buildings similar to the building of the debtor, it has been and is now impossible for the debtor to meet its debts as they mature, and while the debtor's assets are of great value, they cannot be sold at an adequate price fairly commensurate with the value thereof on the present market; that unless relief is afforded by this court under section 77B as amended, great loss will ensue not only to the debtor but to all of its creditors, and stockholders." It also alleges that if it can effect the attached plan of reorganization the full value of its assets can be preserved in the interests of all the creditors and stockholders.

This is clearly a statement of fact showing the need of relief under the section and an inability to meet its debts as they mature.

Appellant's contention that section 77B should not be construed as granting relief when the claims against the debtor from which relief is sought arise out of mortgage indebtedness is based on the assumption that under these circumstances no possible valid reorganization can be effected. This assumption is erroneous. The consent of all the creditors may be given, and under section 77B of the Bankruptcy Act, supra, the consent of at least two-thirds of the creditors whose rights are affected must be given to adopt a plan of reorganization. Section 77B (e) (1) Bankruptcy Act, 11 U.S.C.A. § 207 (e) (1). See Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 861, 79 L.Ed. 1593, 97 A.L.R. 1106, where the Supreme Court distinguished the statute there held unconstitutional from statutes providing for compositions of secured claims when desired by a majority of a class, and approved by the court. If such consent is not obtained, or the court declines to approve the plan as fair and equitable, it may dismiss the proceedings. See Oakland Hotel Co. v. Crocker Bank,

85 F.(2d) 959, decided by this court September 24, 1936.

■ As to appellant's contention that jurisdiction of the District Court to entertain a voluntary proceeding for reorganization under section 77B, supra, should be limited to cases where the District Court would have jurisdiction to appoint an equity receiver, it is sufficient to say that the Bankruptcy Act which sets out its jurisdictional requirements does not so provide. It is sufficient in that regard that the debtor in a voluntary petition state "facts showing the need for relief under this section and that the corporation is insolvent or unable to meet its debts as they mature and that it desires to effect a plan of reorganization." This petitioner has done.

The appellant relies upon the decision of the Supreme Court in Duparquet Hout & Moneuse Co. v. Evans, 297 U.S. 216, 56 S.Ct. 412, 413, 80 L.Ed. 591. That was an involuntary reorganization proceeding brought under section 77B, supra, which permits three or more creditors who have provable claims against a corporation aggregating $1,000 or more in excess of the value of securities to file "a petition stating that such corporation is insolvent or unable to meet its debts as they mature *and, if a prior proceeding in bankruptcy or equity receivership is not pending, that it has committed an act of bankruptcy within four months."* It was there held that the petitioners in an involuntary petition cannot predicate jurisdiction upon the fact that a receiver in a mortgage foreclosure action for the property had been appointed to collect the rents and profits, the court holding that such a receivership was not the sort of equity receivership contemplated by the statute as a basis for involuntary reorganization proceedings. This decision has no application to a voluntary proceeding for reorganization, 297 U.S. 216, at pages 217, 218, 56 S.Ct. 412, 413, 80 L.Ed. 591.

Appellant's contention that defaults in payment of mortgage indebtedness should not be considered in determining whether the debtor is unable to meet its debts as they mature is apparently based on her proposition that no valid plan of reorganization is possible when the claims from which relief is sought arise out of such indebtedness. This contention, as we have said, has no merit.

■ We have attempted to dispose of the points relied upon by appellant as showing lack of jurisdiction. Much of the brief is devoted to discussion of the problems involved in the reorganization proceedings which do not go to the jurisdiction of the court. For that reason, they are not germane to the questions before us and will not receive further attention.

Order affirmed.