In re CUNNEY et al.

(District Court, D. Massachusetts. January 8, 1904.)

No. 5581.

1. BANKRUPTCY ⟐⟹136—SUMMARY PROCEEDINGS TO COMPEL BANKRUPTS TO TURN OVER PROPERTY—GENERAL ORDERS—APPLICABILITY.

General Order XXXVII (89 Fed. xiv, 32 C. C. A. xiv), providing that in proceedings in equity to carry into effect the Bankruptcy Act, or to enforce rights and remedies given by it, the rules of equity practice shall be followed, applies only to equity proceedings properly so called, and not to summary proceedings in bankruptcy to compel bankrupts to turn over property to the trustees, though in summary proceedings the ·court will allow the bankrupts full opportunity for hearing and defense, without being limited by technical rules of procedure in equity.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. ⟐⟹136.]

---

⟐⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. BANKRUPTCY ⊚ॼ136—SUMMARY PROCEEDINGS TO COMPEL BANKRUPTS TO TURN OVER PROPERTY—GENERAL ORDERS—APPLICABILITY.

Where the case of a trustee, in summary proceedings to compel bankrupts to turn over money to him, rests on the testimony of the bankrupts, the court need not, under any formal rule of equity, give credit to statements made in the sworn answer of the bankrupts rather than to their sworn testimony.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. ⊚ॼ136.]

3. BANKRUPTCY ⊚ॼ136—SUMMARY PROCEEDINGS TO COMPEL BANKRUPTS TO TURN OVER PROPERTY—GENERAL ORDERS—APPLICABILITY.

The transcript of a bankrupt's examination, though unsigned, but proved to be correct, is admissible in evidence in summary proceedings by the trustee to compel the bankrupt to turn over property in his possession, though the examination was unfinished, especially where the bankrupt was afforded opportunity to examine his testimony for correction of errors and to make any addition thereto.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. ⊚ॼ136.]

4. BANKRUPTCY ⊚ॼ136—COMPELLING BANKRUPT TO TURN OVER PROPERTY TO TRUSTEE—BURDEN OF PROOF.

A trustee, in summary proceedings to compel the bankrupt to turn over assets to the trustee, has the burden of proving by a preponderance of the evidence that the bankrupt had property in his possession or under his control.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. ⊚ॼ136.]

5. BANKRUPTCY ⊚ॼ136—FRAUDULENT TRANSFER BY BANKRUPT—REMEDY OF TRUSTEE.

Where a bankrupt made voluntary payments voidable as a preference, the trustee might have his remedy against the persons receiving the money; but the court could not direct the bankrupt to turn over the money to the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. ⊚ॼ136.]

In Bankruptcy. In the matter of John J. Cunney and Thomas Cunney. Petition by trustee for order directing bankrupts to turn over to him money. Matter recommitted to referee to hear further competent evidence.

William B. Sullivan, of Boston, Mass., for trustee.

W. Orison Underwood, of Boston, Mass., for bankrupts.

LOWELL, District Judge. The involuntary petition in this case was filed December 26, 1901, the act of bankruptcy alleged being a voluntary assignment. The adjudication was made June 23, 1902.

The trustee filed a petition praying that the bankrupts be ordered to turn over to him about $15,000. This sum of money the bankrupt James Cunney took from the business shortly before the voluntary assignment made by the firm, with intent to defraud the creditors. He paid $2,500 to his brother Michael in alleged settlement of an outstanding debt; $4,800 he paid to his brother-in-law Malloy in alleged settlement of another outstanding debt. The sum of $7,200, nearly all that was left, the two bankrupts, according to their testimony, drank

up and gambled away within about four months, beginning a month before the involuntary petition was filed, and ending three months afterwards.

[1, 2] It was not denied that the conduct of the bankrupts was indefensible, but it was urged that they have not the money now in their hands, and that they did not have it when the trustee filed his petition asking that they turn over the money to him. The bankrupt's counsel contended that by reason of General Order XXXVII (89 Fed. xiv, 32 C. C. A. xiv) the statements made by the bankrupts in their sworn answer to this petition must be taken as true, unless controlled by the testimony of two witnesses, or by that of one witness with corroborating circumstances. This contention is without force in the case at bar. General Order XXXVII applies only to equity proceedings, properly so called, and not to summary proceedings in bankruptcy like this. Even in summary proceedings the court allows the respondent full opportunity for hearing and defense, but it is not limited by the technical rules of procedure in equity. Moreover, the trustee's case is rested upon the testimony of the two bankrupts, and no formal rule of equity proceedings requires a court of equity to give credit to the statements made in a sworn answer rather than to the respondent's sworn testimony.

[3, 4] Other formal objections raised by the bankrupts' counsel need little notice. The transcript of the bankrupts' examination introduced in evidence, though unsigned, was proved to be correct, and was admissible, though the examination was unfinished. The court may find it necessary to keep an examination open after summary proceedings like these have been completed. The bankrupts were afforded full opportunity to examine their testimony for the correction of any errors in the transcript, and to make any addition thereto which they might see fit. The bankrupts' examination is deemed admissible against the bankrupts in all proceedings in bankruptcy by the established practice of this court. The burden of proof rested upon the trustee to satisfy the court, by appropriate evidence sufficient under all the circumstances, that the bankrupts had money belonging to their estate. These proceedings are not criminal, and so the trustee is not required to make his case out by proof beyond a reasonable doubt.

[5] It was admitted that the bankrupts retained money which they should have delivered to their voluntary assignee or to their trustee in bankruptcy. Their testimony on any matter is worthless, and their falsehood puts their discharge out of the question; but if they have no money now in their possession or control, and if they had none when the trustee's petition was filed, no order directing them to pay over money should issue. That the bankrupt James Cunney paid $7,-300 to his brother Michael and to his brother-in-law Malloy is not disputed. These payments may have been made without consideration, and on the evidence before the court they appear at the best to have been voidable preferences. The trustee may well have his remedy against Michael Cunney and Malloy, but the court cannot say that the money paid them is now in the bankrupt's possession or control. The bankrupts say that the rest of the money has been spent in riotous liv-

ing. No testimony has been offered to control this statement or to indicate that the bankrupts have money now in hand. They are working as journeymen tanners at wages of $15 a week. Very slight evidence of their present possession or control of money would outweigh their worthless denial. As the trustee desires to make further inquiry, and as the circumstances are highly suspicious, to say the least, the judgment of the referee is reversed pro forma, and the matter recommitted to him to hear any further competent evidence submitted by the parties.