## DANIEL, TRUSTEE IN BANKRUPTCY, *v.* GUARANTY TRUST CO. OF NEW YORK.

No. 179.   Argued December 11, 1931.—Decided March 14, 1932.

*Mr. Winthrop B. Lane,* with whom *Messrs. Halleck F. Rose, Arthur R. Wells,* and *Paul L. Martin* were on the brief, for petitioner.

*Mr. Porter R. Chandler,* with whom *Messrs. John W. Davis* and *Wm. C. Dorsey* were on the brief, for respondent.

158

Mr. Justice McReynolds delivered the opinion of the Court.

December 10, 1929, The Peters Trust Company, of Omaha, Nebraska, was adjudged bankrupt by the United States District Court for that State. March 17, 1930, Herbert S. Daniel, petitioner here, became trustee of the estate.

In April, 1930, the Guaranty Trust Company of New York presented to the same court a petition for the reclamation of designated bonds. It alleged that, while insolvent and without intent to pay for them, the Peters Company had fraudulently ordered and received these bonds from the Guaranty Company of New York; that title thereto had not passed to the Peters Company; that no part of the purchase price had been paid. Also " that on the dates said bonds were shipped by the Guaranty Company of New York, said Guaranty Company of New York, sold, assigned and set over to your petitioner, Guaranty Trust Company, for a valuable consideration, the accounts against the said Peters Trust Company for said bonds, and your petitioner is now the owner of said bonds "; and that they were unlawfully withheld by the

trustee. The prayer was " that an order be entered instructing and directing, Herbert S. Daniel, Trustee of said Peters Trust Company, Bankrupt, to deliver to your petitioner the bonds described above and that your petitioner have such other and further relief as may seem just and proper."

The trustee answered. He denied that the bankrupt had acted fraudulently. He asserted that title to the bonds had vested in it and petitioner had no right to recover them.

After such denials and allegations, the trustee (Answer, par. 7) stated that customers of the Peters Trust Company had placed orders with it to buy the bonds; that they had an interest in the controversy and should be made parties to the proceeding. Also (par. 8)—

" Your trustee further alleges, that the Guaranty Trust Company of New York, the petitioner and applicant herein, has in its possession, on deposit, approximately the sum of $31,224.60 which belongs to the bankrupt estate, and which was accumulated by the Receiver and Trustee of said bankrupt estate since the date it was adjudicated bankrupt. The trustee has made due demand upon the petitioner for delivery of the said money, but the Guaranty Trust Company of New York, has refused to deliver the said funds or any part thereof, and should be required to account for all funds collected by it on behalf of the receiver or trustee of Peters Trust Company, Bankrupt, or the bankrupt estate, and be directed to deliver the same forthwith to Herbert S. Daniel, Trustee."

The answer concludes—

" The trustee further prays for an order directing the Guaranty Trust Company of New York to account to him for all funds collected or now held by it belonging to the bankrupt estate, and be ordered to deliver the same [forthwith] to your trustee, and for such other relief as to the Court may seem just and equitable."

The matter went to the referee. The Guaranty Trust Company moved that paragraphs 7 and 8 be stricken from the answer because they pertained to an issue entirely separate from the one submitted by its petition. This was overruled. Thereupon, counsel for the Trust Company asked that the reclamation proceeding be dismissed, and then withdrew.

The referee took testimony concerning the relationship and dealings among the parties. He found that the reclamation proceedings should be dismissed only insofar as they sought to obtain the securities. Also, " the court further finds that the Guaranty Trust Company has in its hands the sum of $23,724.60 in cash, belonging to Herbert S. Daniel, trustee of the above named bankrupt; that said sum was accumulated by Herbert S. Daniel as receiver subsequent to February 12th, 1930, said moneys having been collected by said Guaranty Trust Company for and on behalf of said bankrupt estate from the Prudential Insurance Company of America on mortgages made by the bankrupt and sold to the Prudential Insurance Company of America, and that said Guaranty Trust Company has not made herein any claim to the said fund of $23,724.60, and has no claim to the said fund, or to any part thereof, and is merely holding the said sum of $23,724.60 as custodian and agent of Herbert S. Daniel, as trustee of the above named bankrupt, and that said sum should be delivered forthwith to said trustee."

The referee's final order directed the trustee to deliver the bonds to specified customers of the Peters Trust Company upon stated conditions, and further " That the Guaranty Trust Company of New York, the applicant herein, be, and it is hereby ordered and directed to forthwith pay over to Herbert S. Daniel, as trustee of the above bankrupt estate, the sum of $23,724.60, of moneys in the hands of said Guaranty Trust Company of New

York, belonging to Herbert S. Daniel, trustee of said bankrupt estate, with interest thereon at the rate of 7 per cent per annum from this date."

The District Court modified the referee's order as to interest and then affirmed it. The Guaranty Trust Company appealed. The Circuit Court of Appeals upheld the objection offered to the jurisdiction of the referee and upon that ground reversed the District Court. 49 F. (2d) 866. It said—

". . . The petition of appellant for reclamation and the portion of the trustee's answer which asked for affirmative relief were, in fact, petitions by the parties asking the referee to exercise his summary jurisdiction in proceedings in bankruptcy. The two proceedings were quite distinct. Appellant sought to recover certain bonds to which it claimed title. The trustee sought an order that appellant should pay over money of the bankrupt estate received by appellant, after bankruptcy. The proceedings would not have been more unrelated to each other, if the trustee had sought an order on appellant for the delivery of books and papers such as was asked in *Babbitt* v. *Dutcher*, 216 U. S. 102, or an order for the examination of witnesses such as was asked in *Elkus, Petitioner*, 216 U. S. 115. We have been cited to no authority for the proposition that a creditor or other petitioner asking specific relief against a bankrupt's estate, as provided by the Bankruptcy Act, thereby becomes subject to summary orders by the referee in matters entirely disconnected from the subject matter of such claim or petition, and no such authority is believed to exist."

The conclusion of the Circuit Court of Appeals is correct and its decree must be affirmed.

In the circumstances, Did the referee have jurisdiction to enter the turnover order against the Trust Company?

The answer must be " No " unless that Company by filing its petition for reclamation entered its general appearance and in effect consented to submit itself to summary proceedings before that officer in respect of matters having no immediate relation to the claim which it had presented.

In practice such a rule might lead to unfortunate complications and deprive owners of property of fair opportunity to recover. The risk incident to a general appearance and consent to adjudication of claims of all kinds might easily deter where the right to recover is clear. Moreover, the choice would not be between tribunals merely, but between the ordinary processes in a plenary suit and a summary hearing. We are not cited to any opinion by an appellate court which definitely approves the view advanced by the petitioner. We cannot conclude that the demand for speedy administration of bankrupt estates is enough to justify such a radical departure from ordinary procedure. And the suggestion that it is possible to impose equitable terms as a condition to an order of reclamation is not helpful. No such conditional order was proposed or entered.

The petitioner maintains that, read together and properly construed, General Order XXXVII and Equity Rule 30 applied in the circumstances and invested the referee with jurisdiction to act as he did.

General Order XXXVII—General Provisions: " In proceedings in equity, instituted for the purpose of carrying into effect the provisions of the act, or for enforcing the rights and remedies given by it, the rules of equity practice established by the Supreme Court of the United States shall be followed as nearly as may be. In proceedings at law, instituted for the same purpose, the practice and procedure in cases at law shall be followed as nearly as may be. But the judge may, by special order in any case, vary the time allowed for return of process,

for appearance and pleading, and for taking testimony and publication, and may otherwise modify the rules for the preparation of any particular case so as to facilitate a speedy hearing."

No. 30, Rules of Practice for the Courts of Equity of the United States, provides—". . . The answer must state in short and simple form any counter-claim arising out of the transaction which is the subject matter of the suit and may, without cross-bill, set out any set-off or counter-claim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counter-claim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final judgment in the same suit both on the original and the cross-claims."

Section 2, Bankruptcy Act, grants to bankruptcy courts "such jurisdiction in law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings to . . . (7) cause the estates of bankrupts to be collected, reduced to money and distributed and determine controversies in relation thereto, except as herein otherwise provided." And § 38 extends to referees "jurisdiction to . . . (4) perform such part of the duties, except as to questions arising out of the applications of bankrupts for compositions or discharges, as are by this Act conferred on courts of bankruptcy of their respective districts, except as herein otherwise provided; . . ."

Counsel for petitioner assert: Bankruptcy proceedings constitute a branch of equity jurisdiction; a court sitting in bankruptcy is a court of equity. *Fidelity Trust Co.* v. *Gaskell* (8th C. C. A.), 195 Fed. 865, 871. Remington on Bankruptcy, Vol. 1, p. 48, § 23.

And then they say: "Obviously, except as the privilege of modification is granted to facilitate speedy hearings, the rules of equity practice are applicable, without limitation or reservation, to all equitable proceedings in

courts of bankruptcy," including of course summary proceedings before referees.

Without regard to other objections to the reasoning offered to support petitioner's view, it is obviously unsound unless the words " proceedings in equity," in General Order XXXVII apply to summary proceedings before a referee like those here in question. And we think no such intendment can be attributed to them.

This Order contains general provisions designed to bring about prompt settlement of bankrupt estates. To that end it directs that in proceedings in equity and at law instituted for the purpose of carrying the Bankruptcy Act into effect and enforcing rights and remedies given thereby, the rules which govern practice in equity and law courts shall be observed, but that the judge may modify them " so as to facilitate a speedy hearing."

Many of the equity rules are inapplicable to summary proceedings before referees. Such proceedings are not in equity as that term is commonly understood. General Order IV—Conduct of Proceedings—uses the words " Proceedings in bankruptcy " when referring to the practice to be followed by Bankruptcy courts—other orders use the word " proceedings."

The distinction between summary proceedings and plenary suits is adverted to in *Weidhorn* v. *Levy,* 253 U. S. 268, 271, 273. There it is also suggested that " proceedings in equity" and " proceedings at law," as used in General Order XXXVII, refer to something other than " proceedings in bankruptcy."

Our conclusion accords with what has been held by other Federal courts. *In re Cunney,* 225 Fed. 426; *International Harvester Co.* v. *Carlson,* 217 Fed. 736, 739; *In re Hughes,* 262 Fed. 500; *Bradley* v. *Huntington,* 277 Fed. 948; *In re Kenney & Greenwood,* 23 F. (2d) 681.

The decree of the Circuit Court of Appeals is

*Affirmed.*