## In re BOYAJIAN.
### No. 54698.

District Court, D. Massachusetts.
Nov. 15, 1934.

Elmer A. Egan, of Brockton, Mass., for Chas. Pilibosian.

John R. Wheatley, of Brockton, Mass., trustee in bankruptcy.

McLELLAN, District Judge.

Charles Pilibosian, whose interest in the matter will be stated later, seeks a reversal of a turnover order, so called, entered by the referee in bankruptcy against Charles G. Willard, whose status will appear presently.

The trustee in bankruptcy filed a petition before the referee, praying that Charles G. Willard be ordered to turn over to him a certificate for 100 shares of the capital stock of Union Shoe Company of Brockton. Charles G. Willard did not appear or answer, and did not contest the petition. Charles Pilibosian appeared specially and filed a motion to dismiss the petition on the ground, among others, that the referee was without jurisdiction to proceed summarily and that the remedy of the trustee, if any, is by plenary action. The referee found that title to the stock was in the trustee, ruled that he (the referee) had jurisdiction, and ordered Willard to deliver the certificate to the trustee.

The certificate of the referee recites, in substance, that the stock was deposited with Charles G. Willard, the then attorney for the bankrupt, under the provisions of a written agreement which was entered into by the bankrupt and Pilibosian pending hearing upon a bill in equity which had been brought by Pilibosian in which he alleged that fraud had been committed upon him by the bankrupt in a transaction relating to the stock in question. It is certified further that Pilibosian offered evidence tending to show that in addition to a written agreement that there was an oral agreement that the deposit with Willard be made in lieu of a restraining order. The evidence was excluded on the ground that the writing was to be presumed to contain the whole agreement of the parties, and upon the further ground that the trustee is not bound by such an oral agreement.

According to the referee's certificate, the questions to be determined are:

(1) Whether the referee had jurisdiction to determine the matter in summary proceedings; (2) whether the referee erred in excluding evidence of the oral agreement; and (3) whether the referee erred in entering the order to turn over.

In view of the conclusion at which I have arrived, it is unnecessary to discuss the applicability of the parol evidence rule to the facts here presented. The validity of the turnover order depends upon the evidence and facts recited in the referee's finding and order and the terms of the written agreement referred to therein.

The referee found that in March, 1933, Charles Pilibosian filed a bill in equity against the bankrupt and others, alleging that he paid over to the bankrupt the sum of $6,000 of which $1,000 was to be lent to the president of the Union Shoe Company, and $5,000 was to be used for the purchase of 100 shares of stock to be issued to Charles Pilibosian, all upon the express condition that the bankrupt was to purchase for himself 100 shares of the said stock with $5,000 of his own money. The bill alleged that the bankrupt did not spend any of his own money; paid the $1,000 to the president of the Union Shoe Company, and with the balance of $5,000 purchased 200 shares of stock in his own name, and, after considerable period of time, turned over 100 shares to Charles Pilibosian. When Pilibosian learned that his money had purchased all the stock and that the bankrupt did not contribute anything towards the purchase, and had made other false statements, he brought the bill in equity. On July 12, 1933, an agreement was entered into, disposing of the suit as against the other defendants and containing the following provision:

"Said Stephen Boyajian agrees to deliver forthwith to Charles G. Willard, Esquire, 59 Barristers Hall, Brockton, Massachusetts, certificate #66 of the Union Shoe Company of Brockton for One hundred (100) shares standing in the name of said Stephen Boyajian, the same to be held by said Willard pending final decision of the case of Charles Pilibosian against the Union Shoe Company et al, #23159 in Equity in Superior Court of Plymouth County, Massachusetts. In case final decision of the above named case is in favor of said Charles Pilibosian and it is found that said Stephen Boyajian is indebted to said Charles Pilibosian and a final decree is entered to that effect, then and in such case said Charles G. Willard is authorized and directed to deliver said certificate to Elmer A. Egan, Esquire, of Brockton Massachusetts, attorney for said Charles Pilibosian, and said Egan is authorized to sell said certificate at public auction to the highest bidder, advertising the same at least ten days before the sale once in the Brockton Enterprise, of said Brockton. From the proceeds of said sale said Egan is authorized to deduct costs and expenses and a reasonable attorneys' fee for conducting said sale and to apply the balance on said judgment or decree as may be obtained by said Charles Pilibosian in said case; in case a surplus above said costs and expenses and decree of said Charles Pilibosian is obtained at said sale, that sum shall be paid over by said Egan to said Willard."

The finding and order then states: "On January 4, 1934, the date of adjudication, the certificate was in the possession of Mr. Willard, in accordance with the aforesaid agreement. Mr. Willard was the attorney for the bankrupt. On December 22, 1933, a final decree was entered in the state court in which it was decreed that the bankrupt owed to Pilibosian the sum of $2500 and that execution issue against the bankrupt for said sum. Execution had not issued up to the date of adjudication for the reason that the bankrupt claimed an appeal which was never perfected. No levy, therefore, had been made upon the shares of stock, and no demand had been made on Mr. Willard to dispose of the stock in accordance with the agreement."

Thus it appears that in July, 1933, there was pending a bill in equity brought by Pilibosian against the bankrupt and others. In that month, and more than four months before the bankruptcy proceeding, a written agreement to which Pilibosian, the bankrupt, and others were parties was made. The agreement was tainted with no fraud and it involved no voidable preference. It provided for the delivery of the certificate of stock to Mr. Willard, who, it is true, had been and was the bankrupt's attorney in the equity suit. The agreement imposed upon Mr. Willard the duty to deliver the stock to the bankrupt in a certain event and to deliver it to Pilibosian's attorney in another event. The thing which required the depositary to deliver the stock to Pilibosian's attorney occurred. On December 22, 1933, before the beginning of the bankruptcy proceedings, a decree was entered in the equity suit in Pilibosian's favor and against the bankrupt in the sum of $2,500. From this decree, the bankrupt claimed an appeal which was not perfected. Apparently it then became Mr. Willard's duty to deliver the stock certificate to Pilibosian's attorney, who, under the agreement was authorized to sell it, to apply the proceeds to the payment of certain expenses and toward the satisfaction of the terms of this decree, rendering any balance to Willard.

It makes little difference whether Pilibosian's interest in the stock is called an equitable lien or something else. The written contract indicates that the stock certificate was deposited as security for Pilibosian's claim, and under these circumstances he acquired an interest in it. Beacon Trust Co. v. Dolan (C. C. A.) 27 F.(2d) 247; Clark v. State Street Trust Co., 270 Mass. 140, 169 N. E. 897; Walker v. Brown, 165 U. S. 654, 17 S. Ct. 453, 41 L. Ed. 865. At any rate, it cannot be said that there was no foundation whatever for Pilibosian's claim to an interest in this stock, or that such claim was merely colorable. Nor can it be said that in January, 1934, just before the bankruptcy proceedings began, the bankrupt was clearly entitled to the possession of the stock certificate, or that thereafter the trustee acquired the right to its immediate possession. The contrary seems true. The fact that Willard did not contest the referee's order is not at all controlling. The certificate in his possession was subject to an adverse claim which cannot be regarded as without substance.

Pilibosian did not consent to the jurisdiction of the Referee, as was done in MacDonald, Trustee, v. Plymouth County Trust Co., 286 U. S. 263, 52 S. Ct. 505, 76 L. Ed. 1093, and the referee had no jurisdiction, against his protest, to entertain a petition and summarily order a delivery of the stock certificate to the trustee. In re White (C. C. A.) 29 F.(2d) 510; Daniel, Trustee, v. Guaranty Trust Company of New York, 285 U. S. 154, 52 S. Ct. 326, 76 L. Ed. 675; In

re Farrow (D. C.) 13 F.(2d) 261; Weidhorn v. Levy, 253 U. S. 268, 40 S. Ct. 534, 64 L. Ed. 898; Morton G. Thalhimer, Inc., v. Florance (C. C. A.) 58 F.(2d) 23.

The referee was without jurisdiction to determine the matter in summary proceedings, and the turnover order is reversed.