OAKLAND HOTEL CO. v. CROCKER FIRST NAT. BANK OF SAN FRANCISCO et al.

No. 7986.

Circuit Court of Appeals, Ninth Circuit.

Sept. 24, 1936.

Carey Van Fleet, Lloyd M. Robbins, and Robbins & Van Fleet, all of San Francisco, Cal., for appellant.

Charles A. Beardsley and Fitzgerald, Abbott & Beardsley, all of Oakland, Cal., and Robert C. Green and Chickering & Gregory, all of San Francisco, Cal., for appellees.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order dismissing the proceedings instituted by appellant's petition, brought under section 77B of the Bankruptcy Act, as added June 7, 1934 (11 U.S.C.A. § 207). The petition was filed October 18, 1934. Thereafter proceedings were had before the referee in bankruptcy acting as special master, and before the trial court, looking toward a reorganization of the appellant. On June 5, 1935, the special master concluded that there was no hope of a reorganization which would be acceptable to the requisite number of bondholders or would secure to the dissenting bondholders, full compensation, as required by the Bankruptcy Act § 77B(b) (5) (d) (11 U.S.C.A. § 207(b) (5), (d). Francisco Bldg. Corporation Limited v. Battson (C.C.A.) 83 F.(2d) 93. The trial court acted upon the recommendation of the special master and dismissed the proceedings.

The Bankruptcy Act provides (section 77B(c)(8), 11 U.S.C.A. § 207(c)(8) that reorganization proceedings shall be dismissed "if a plan of reorganization is not proposed or accepted within such reasonable period as the judge may fix, or, if proposed and accepted, is not confirmed," and that after hearing the judge may dismiss the proceedings. Such an order of dismissal is largely in the sound discretion

of the trial judge and should not be disturbed on appeal except for a clear abuse of discretion. Here, there was no abuse of discretion. No bondholder had consented to appellant's proposed plan of reorganization and more than a majority had expressly refused consent. The property involved was the Hotel Oakland, a large hotel in that city, which had been run at so great a loss that the appellant, the owner, declared in 1931 that it could no longer operate the hotel. In order to keep the hotel open, the bondholders caused a foreclosure proceeding to be brought in the state court in January 1932, wherein a receiver was appointed to operate the property. The hotel was operated thereafter by the receiver at a loss. Neither the interest on the bonds nor state and county taxes were paid. The plan of reorganization proposed by the appellant is thus epitomized by the appellee:

"(1) It provides for a waiver for fifteen years of all provisions of the bond indenture for amortization, retirement and redemption of bonds;

"(2) It provides for an extension of fifteen years of the due date of the $660,000 principal evidenced by the bonds;

"(3) It provides for an extension for fifteen years of the due date of the $205,000 past due interest;

"(4) It provides for a reduction of the 6% interest to 3% for seven and one-half years, to 4% for two years, and to 5% for six years—a total reduction of interest in the sum $214,500;

"(5) It provides that the payment of even this interest, reduced to the extent of $214,200, shall for five years be dependent upon the success of the hotel under the appellant's management.

"(6) It provides for taking from the bondholders the possession and control of the bondholders' security, and for placing it in the control of the debtor until July 1, 1942, even though in the meantime not one cent. of interest or taxes is paid by the appellant;

"(7) It provides that during this period, during which the appellant need not pay either any interest or any taxes, it can borrow, presumably using the bondholders' inadequate security as security for such borrowing, and that it can continue thus to possess and to borrow on the bondholders' security (without paying taxes or interest), until July 1, 1942.

"All that the proposed plan offers to the bondholders, in lieu of their rights and interests of which it proposes thus to deprive them, is the following:

"(1) 6600 shares of worthless common stock of the appellant;

"(2) A minority participation in the appellant's management of the hotel;

"(3) The bulk of the remainder of the worthless stock after ten years, if the debtor does not pay interest equal to 6% (3% per annum) for the years 1943 and 1944."

The plan was rejected by the bondholders. The plan was not compensatory to the bondholders, and ignored their just claims for payment or foreclosure.

■■ The brief of the appellant contains no specifications of error, although it is claimed that there was no formal hearing of its plan of reorganization and no findings by the special master or by the court in the proposed plan. None were requested. The record shows that there was a hearing, on the proposed plan at which appellant was represented, and that the plan was found to be entirely unreasonable and unacceptable. The special master in his report stated that the plan of reorganization "had not been accepted in writing or otherwise by any stockholders, bondholders or creditors of the corporation"; that bond owners representing $411,000 face value out of $660,000 bonds outstanding had rejected the proposed plan. He further reported as follows:

"This matter has been before the Court since January, 1932, when suit was brought in the State Court by the bondholders and a receiver appointed for the property. On October 31, 1934, this proceeding was begun and has been continued from time to time. At the first hearing before me, Mr. Jurgens, the President of Oakland Hotel Company, stated that he thought he might be able, if given time, to procure money with which to satisfy the bondholders to an extent that would induce them to approve a plan of reorganization. Upon this slim promise, and with the idea of giving this company every possible opportunity to rehabilitate itself, the matter was continued and has been continued until this date. There seems to me to be no reasonable prospect that sufficient money can be raised to satisfy the bondholders and that owing to the long period of time which has elapsed since the proceedings were first begun, the accumulated interest which has been un-

paid and the fact that so far no real progress seems to have been made in securing money with which to effect a reorganization and the fact, which I believe to be true, that new money must be secured if a reorganization is to be effected, I think the proceeding should be dismissed and that the bondholders should be permitted to pursue their remedy in the state court. The state court is entirely competent to foreclose the mortgage in the proceeding now pending before it. To continue the matter in the hands of the Federal Court, it seems to me, would simply result in enlarging the expense already accrued and would result in no benefit to the debtor. I was advised at the time of the hearing that it would take three or four months to foreclose the mortgage in the state court and thus this additional time would be secured to the debtor by such proceedings, whereas, if liquidated in the bankruptcy court, the sale of the property would be very much more speedy and the debtor would be deprived of time he might have if the matter were returned to the state court, where it originated. Nor will an adjustment between the bondholders and the debtor be prevented by such return of the proceedings to the state court. It is plain that no adjustment can be made in the Federal Court.

"I, therefore, recommend that the proceeding be dismissed and the matter relegated to the state court for such further proceedings as it may see fit to take."

The appellant filed exceptions to the master's report which after a hearing were overruled on July 17, 1935.

The findings of the special master were sufficient to sustain his recommendation and the action of the court. The Equity Rule 70½, 28 U.S.C.A. following section 723, requiring findings does not apply to these proceedings in bankruptcy for reorganization, nor does General Order 37, 11 U.S.C.A. following section 53 apply. In re Cunney (D.C.) 225 F. 426, 428; Daniel v. Guaranty Trust Co., 285 U.S. 154, 163, 52 S.Ct. 326, 76 L.Ed. 675.

The appellant appeals from the order of the trial court allowing attorneys' fees to the attorneys for the bondholders, but does not seriously press the point. As the appellant points out, the Bankruptcy Act provides for such an allowance (11 U.S.C.A. § 207(c)(9). The trial court refused to make an allowance for attorneys' fees to the appellant, and appellant seeks a reversal of this order, and in addition a

further allowance for its attorneys' fees by this court. The trial court correctly determined that the mortgaged property should not be subjected to the claims of the appellant for attorneys' fees. The only result of this proceeding was to defer the prosecution of the foreclosure proceeding.

The application of appellant to us in his brief for the allowance of attorneys' fees on this appeal is denied.

There is no merit in this appeal.

Orders affirmed.