In re MALLOW HOTEL CORPORATION.
In re WILKES-BARRE HOTEL CO.
Nos. 9287, 9476.

District Court, M. D. Pennsylvania.
Feb. 2, 1937.

Henry A. Gordon and Felix W. Bolowicz, both of Wilkes-Barre, Pa., and Arthur Butler Graham, of New York City, for petitioner.

Frank P. Slattery, of Wilkes-Barre, Pa., for respondent.

JOHNSON, District Judge.

This matter arises on exceptions to the special master's ruling that Frank P. Slattery, whose removal is being sought by the trustees, could not be called to testify as if under cross-examination.

Frank P. Slattery was appointed one of the attorneys for the trustees of the Mallow Hotel Corporation, debtor. The trustees presented to this court a petition in the above cases for a rule on Slattery to show cause why he should not be removed as counsel for the trustees. A rule was issued and the matter referred to the special master to take testimony and make

his report and recommendations. Slattery filed an answer to the petition and the matter came on for hearing before the master. Counsel for the trustees called Slattery to testify as if under cross-examination. Slattery objected so to testify and the master sustained the objection. The correctness of the ruling is now before the court on exception by the trustees.

The respondent Slattery contends the Pennsylvania Act of Assembly of March 30, 1911, P.L. 35 (28 P.S.Pa. § 381), compelling an adverse party to testify as if under cross-examination has no application to this proceeding. He contends that this hearing before a referee under the Bankruptcy Act (11 U.S.C.A.) is in the nature of a hearing in equity and under the Conformity Act (28 U.S.C. A. § 724), causes in equity in the federal courts are not required to conform to the state procedure, but are governed by the decisions and rules of equity practice in the federal courts under which an adverse party may not be called to testify as if under cross-examination. Calivada Colonization Co. v. Hays (C.C.) 119 F. 202; Dravo v. Fabel, 132 U.S. 487, 10 S.Ct. 170, 33 L.Ed. 421.

The petition for removal and the answer thereto filed in the reorganization proceeding under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207), is a summary proceeding, and is not a "proceeding in equity." In Daniel v. Guaranty Trust Co., 285 U.S. 154, at page 163, 52 S.Ct. 326, 329, 76 L.Ed. 675, it is stated: "Counsel for petitioner assert: Bankruptcy proceedings constitute a branch of equity jurisdiction; a court sitting in bankruptcy is a court of equity. Fidelity Trust Co. v. Gaskell (C.C.A.8) 195 F. 865, 871; Remington on Bankruptcy, vol. 1, p. 48, § 23.

"And then they say: 'Obviously, except as the privilege of modification is granted to facilitate speedy hearings, the rules of equity practice are applicable, without limitation or reservation, to all equitable proceedings in courts of bankruptcy,' including of course summary proceedings before referees.

"Without regard to other objections to the reasoning offered to support petitioner's view, it is obviously unsound unless the words 'proceedings in equity,' in General Order 37 [11 U.S.C.A. following section 53] apply to summary proceedings be-

fore a referee like those here in question. And we think no such intendment can be attributed to them. * * *

"Many of the equity rules are inapplicable to summary proceedings before referees. Such proceedings are not in equity as that term is commonly understood."

Bankruptcy proceedings are not "equity causes" excepted from the provisions of the Conformity Act, and hence they must conform to the practice of the state. Accordingly, the Pennsylvania act of 1911 requiring an adverse party to be called as if under cross-examination applies to proceedings in bankruptcy. Kay v. Federal Rubber Co. et al. (C.C.A.) 60 F.(2d) 454, 455; Chalmers v. Sheinman et al. (C.C.A.) 82 F.(2d) 928.

The respondent further contends that in any event he has no such adverse interest to the trustees, the parties calling him, as is required by the Pennsylvania act since he is attorney for the trustees and there is a presumption of community of interest.

In Dinger v. Friedman et al., 279 Pa. 8, at page 13, 123 A. 641, 643, cited by respondent, the court said: "Under section 7 of the Act of May 23, 1887 (P.L. 158, 160), as amended by section 1 of the Act of March 30, 1911 (P.L. 35, 36; Pa.St.1920, § 21863), permitting the cross-examination of any 'person whose interest is adverse to the party calling him,' the interest of the person called must be involved in the event of the suit in the sense that, by operation of the judgment there entered, either a legal right or liability of the witness will be acquired, lost, or materially affected; and, to come within the classification of 'adverse,' the interest in question must be such as would be promoted by the success of the adversary of the party calling him. Cohen v. Salsberg, 17 Pa.Super. 286, 288."

The respondent has an interest which is adverse within the meaning of the act. He is contesting the trustees' petition to remove him. He has an interest which is involved in the event of the suit and on which the order or judgment would have an operative effect. His interest would be promoted by his own success against his adversaries.

From the foregoing, it must be concluded that the present petition to remove the respondent as counsel is a summary proceeding under the Bankruptcy Act and is not an equitable cause or proceeding ex-

cepted from the provisions of the Conformity Act. Accordingly, the Pennsylvania act of 1911 permitting an adverse party to be cross-examined is applicable, and the respondent is an adverse party within the meaning of that act.

And now, the respondent's objections to being called as if under cross-examination are overruled, the exceptions to the master's ruling and report are sustained, the respondent is directed to testify as if under cross-examination, and the matter is referred back to the special master for the purpose of taking further testimony and making his report and recommendations.