**JAMES TALCOTT, Inc., v. GLAVIN**
(two cases).

**In re NEO–PED, Inc.**

Nos. 6825, 6826.

Circuit Court of Appeals, Third Circuit.

June 15, 1939.

Hendrickson, Greenberg & Jacobs and Emanuel Weitz, all of Jersey City, N. J. (Sydney L. Jacobs, of Jersey City, N. J., of counsel), for appellant.

Nathan Bilder and Bilder, Bilder & Kaufman, all of Newark, N. J. (Walter J. Bilder, of Newark, N. J., on the brief), for appellee.

Before DAVIS, BIGGS, and MARIS, Circuit Judges.

DAVIS, Circuit Judge.

The appellant filed two petitions with the referee in bankruptcy to recover from the bankrupt estate of Neo-Ped, Inc., money paid and merchandise returned to it by certain of its customers, whose accounts had allegedly been assigned, prior to bankruptcy, to the appellant. Both petitions involve the same questions. The appellee, on behalf of the bankrupt estate, filed answers to these petitions asserting that the alleged assignments were invalid as indicated by the fact that the appellant had permitted the bankrupt, after the assignments, "to have and exercise complete dominion over merchandise returned". He further alleged that some of the assignments of accounts, valued at $69,489.27, were unlawful preferences because they were made within four months of bankruptcy, in consideration of antecedent indebtedness, at a time when the bankrupt was actually insolvent and when the appellant had reasonable cause to believe that such assignments would in fact result in preferences. The appellee also filed counterclaims against the appellant in which, relying upon the invalidity of the assignments, he prayed that the defendant be required to return and surrender all of the accounts which remained uncollected in whole or in part; to turn over and account for all sums of money paid to or collected by it from these accounts within four months preceding bankruptcy and subsequent thereto; to turn over and account for all merchandise returned to it on these accounts after the date of bankruptcy, and to turn over and account for all money paid and merchandise returned on those accounts, the assignments of which were alleged to be unlawful preferences.

The appellant, contending that the answers and counterclaims raised issues which could only be decided in a plenary action, filed special appearances to each of the separate defenses and causes of action. The referee dismissed these special appearances and the District Court issued an order affirming his action. This appeal was taken from the District Court's order, no decision on the merits having been made, and the only question involved is whether or not the action of the District Court in affirming the referee was correct.

There can be no doubt that the referee and District Court had power to consider on their merits the issues raised by the appellee in the defense of the

bankrupt estate. As trustee in bankruptcy, the appellee "may not only properly object to the allowance of a claim on any ground disentitling it to proof or allowance against the estate, but it is his duty to do so". 8 C.J.S., Bankruptcy, p. 1302, § 437. In re Clayton Magazines, 2 Cir., 77 F.2d 852; In re Weidenfeld, 2 Cir., 277 F. 59. By instituting proceedings to recover from the bankrupt estate property, the right to which was founded upon certain assignments made by the bankrupt, the appellant placed before the referee all questions relating to their validity.

■ In the counterclaims, the appellee is attempting to recover property in the possession of the appellant which it holds under a claim alleged to be bona fide and adverse to the bankrupt estate. If he had instituted summary proceedings to recover such property the District Court would not have had jurisdiction to consider the merits of the claim or to grant the prayer for relief, (8 C.J.S., Bankruptcy, pp. 1102–1106, § 342; Taylor v. Sternberg, 293 U.S. 470, 55 S.Ct. 260, 79 L.Ed. 599), unless it first determined that the appellant's claim to the property was not "real and substantial" but merely "colorable or fictitious" (8 C.J.S., Bankruptcy, pps. 1112–1116, § 342 (c); Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897), or unless the appellant gave its consent to the consideration of the merits in such an action. MacDonald, Trustee v. Plymouth County Trust Company, 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093.

■ However, in the present case, the summary proceedings were instituted by the appellant, not by the appellee. It is true that this fact alone would not confer upon the District Court jurisdiction to determine matters, raised by way of counterclaim, which were "entirely disconnected from the subject-matter of such claim or petition". Daniel v. Guaranty Trust Company, 285 U.S. 154, 52 S.Ct. 326, 328, 76 L.Ed. 675. However, the matters here raised in the counterclaims are closely connected with the "subject-matter of such claim or petition". The appellant's claim to the property delivered to the bankrupt estate in full or part payment of certain ac-

counts receivable depends upon the validity of the assignments of these accounts. Similarly, the appellee's counterclaims to the property delivered to the appellant in full or part payment of these same accounts depend upon the invalidity of the identical assignments upon which the appellant's claim is based. It is difficult to imagine more interrelated and closely connected conflicting claims. It is therefore obvious that the case of Daniel v. Guaranty Trust Company, supra, is not decisive of the issues here involved.

■ It is a well established principle of law that an "adverse claimant may waive his right to a trial of his claim in a plenary suit rather than by summary proceedings" and that he does so irrevocably when he "comes into the bankruptcy court of his own motion and asks it to determine the question of title * * *". 8 C.J.S., Bankruptcy, pps. 1123–1125, § 342 (e); In re Ann Arbor Machine Co., D.C., 278 F. 749; People's National Bank v. Green, 4 Cir., 296 F. 294; Page v. Arkansas Natural Gas Corp., 8 Cir., 53 F.2d 27, affirmed 286 U.S. 269, 52 S.Ct. 507, 76 L.Ed. 1096; Taylor v. Sternberg, supra. By instituting proceedings to recover the property here involved, the appellant placed directly before the court the question of the validity of the assignments. Since it held property by reason of these same assignments, it in effect asked the court to determine its title and right to retain that property. A decision by the District Court that the assignments were invalid would not only defeat the appellant's claim to the property in the possession of the bankrupt estate, but would also defeat its right to the accounts and the property which it had acquired by reason of the same assignments. This would establish the fact that its claim to the accounts and property in its possession was not "real and substantial" but merely "colorable". Once that is established, the right of the District Court to order in summary proceedings the appellant to turn over such accounts and property, can no longer be disputed.

The order of the District Court is affirmed.