In re INSURANCE BLDG. CORPORATION.
No. 62200.

District Court, D. Massachusetts.
June 14, 1940.

Brickley, Sears & Cole, Haussermann, Davison & Shattuck, and Lewis L. Wadsworth, Jr., all of Boston, Mass., for Insurance Bldg. Corporation.

Phipps, Durgin & Cook, of Boston, Mass., for Vernon F. West and others.

Ralph T. Hisey, of Cleveland, Ohio, for Henry W. Collinson and others.

Ropes, Gray, Boyden & Perkins and Roger Ernst, all of Boston, Mass., for Old Colony Trust Co.

Charles A. Colton, of Boston, Mass., for Boston Transcript Co.

Hale, Sanderson, Byrnes & Morton, Clifford H. Byrnes, and Benjamin B. Priest, all of Boston, Mass., for May McK. Bowman.

Henry E. Foley, of Boston, Mass., for Otis & Co.

Joseph L. Weiner and Edmund Burke, Jr., both of Washington, D. C., and Joseph P. Rooney, Regional Administrator, and Coleman Silbert, both of Boston, Mass., for Securities and Exchange Commission.

SWEENEY, District Judge.

Otis & Co. denies the authority of this court, in a summary proceeding, to order it to pay over to the Boston Insurance Exchange Building, Inc., the sum of $3,500, paid to it by the reorganizing company prior to the filing of the petition in reorganization.

On October 30, 1939, this court denied the right of Otis & Co. to receive compensation or reimbursements for its work in connection with this reorganization, and this denial was affirmed by the Circuit Court of Appeals. Otis & Co. v. Insurance Building Corporation, 1 Cir., 110 F.2d 333.

In submitting the original claim for compensation and disbursements to this court, Otis & Co. sought an allowance of $15,000, plus disbursements, and credited the sum of $3,500 already received by it as an advance payment on this account. While Otis & Co., might successfully challenge the jurisdiction of this court to compel a return of this money in a summary proceeding instituted by the debtor, it has waived such right by submitting to the court the entire question of its right to compensation and reimbursement which included the amount that had already been paid to it.

It is well settled that one who comes into the bankruptcy court on its own motion, and asks it to determine the question of title, is bound by the court's decision. See James Talcott, Inc., v. Glavin, 3 Cir., 104 F.2d 851, and cases there collected. It is now too late for Otis & Co., to insist upon a plenary suit. The Otis & Co. motion to dismiss is denied.