**In re TOMMIE'S DINE & DANCE.**

**Bankr. No. 4295.**

United States District Court
N. D. Texas, Dallas Division.

Feb. 9, 1952.

Melvin Yonack, Dallas, Tex., Trustee.

William Madden Hill, Dallas, Tex., for Trustee.

William J. Rochelle, Jr., and C. C. Renfro, Dallas, Tex., for Jack Turner.

ATWELL, Chief Judge.

A voluntary petition in bankruptcy was filed by the partnership, as a firm, on December 18th, 1950, and after adjudication, was referred to the Referee for administration.

On January 9th, 1951, a voluntary petition in bankruptcy was filed by Thomas O. Carter, and after adjudication, was referred to the Referee.

The two causes were consolidated and are being administered under the above number. The other partner, Jack Turner, is not in bankruptcy.

On January 10th, 1948, Carter and Turner entered into a limited partnership agreement under Articles 6110–6132, Title 105, R.S. of Texas, Vernon's Ann.Civ.St. arts. 6110–6132. Carter was to contribute his labor and receive 75% of the profits; Turner was to contribute certain money and was to receive 25% of the profits. The amount to be contributed was $4,316.40. This certificate was in accordance with Title 105, R.S., Texas, Art. 6110. It was recorded on November 29th, 1948, in the records of Dallas County, Texas.

The $4,316.40 was not paid in cash, but the same was contributed in an equivalent by Turner promising to pay said amount to certain creditors on outstanding indebtedness for equipment, fixtures, air-conditioner, furniture etc. The amount due said creditors was in excess of the amount that Turner had promised to pay.

Turner delivered his promissory note for said amount, payable in installments of $179.85 on or before the 4th day of each month, until fully paid, with 6% interest. This note was signed also by Carter. Such monthly payments were withdrawn from the firm until $3,417.15 had been paid.

There was other indebtedness aggregating several thousand dollars.

The firm entered into a contract, with Turner as the landlord, for a period of five years, at the rate of $200 per month, for a place in which to conduct the business. That this $200 must be paid out of the profits of said business before there were any further distribution of profits.

After bankruptcy, to-wit, on March 8th, 1951, Turner filed his claim for the sum of $1,921.43 for unpaid rent for eight months at $200 per month, plus $321.43 claimed as rent for the time that the Trustee in Bankruptcy, Yonack, had occupied the premises.

The claims of other creditors amount to $14,632.18.

The assets were appraised at $4,600, and brought $4,300, at the ordered sale.

The Referee denied the Turner claim for rent, except as to the amount due for the premises while used by the Trustee, which left a balance of $1,600 which he refused to give Turner. He also found that Turner was indebted to the partnership in the sum of $3,417.15, and directed him to pay that to the Trustee within fifteen days.

These orders were entered on December 6th, 1951. To these orders, Turner made appropriate motions and contests, and the Referee, though somewhat reluctant, based his findings upon Columbia Foundry Co. v. Lochner, 4 Cir., 179 F.2d 630, 14 A.L.R.2d 1349; Florance v. Kresge, 4 Cir., 93 F.2d 784; Floro Realty & Inv. Co. v. Steem Electric Corp., 8 Cir., 128 F.2d 338; and Alexander v. Hillman, 296 U.S. 222, 56 S. Ct. 204, 80 L.Ed. 192.

I am of the opinion that the Fifth Circuit was correct in its ruling in Avery & Sons Co. v. Davis, 192 F.2d 255. In that decision, Judge Sibley, speaking for the court, though he had the benefit of the Columbia Foundry Co. v. Lochner decision, ignored the same. The Columbia Foundry Co. v. Lochner decision grew out of the same transaction, which is not true in the case at bar. Likewise, there was no consent by Turner, either express, or implied, to the exercise of summary jurisdiction by the Referee.

█ Bearing in mind the statute, and reading with it the late decision of Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97, we are bound to conclude that since the property was not in the court's posses-

sion, and Turner asserts a bona fide claim adverse to the Trustee, he has a right to have his claim adjudicated, in a suit of the ordinary character with the rights and remedies incident thereto.

Consent is always lacking where the claimant resists the petition for a turn-over order and where he makes protest against the exercise of such jurisdiction. See also Daniel v. Guaranty Trust Co., 285 U.S. 154, 52 S.Ct. 326, 76 L.Ed. 675.

The order of the Trustee with reference to the $3,417.15 is set aside, and the claim of Turner should be allowed as filed.

The contention of the trustee is that the adjudication of the partnership, itself, vested in the bankruptcy court jurisdiction over private property of Turner who was not adjudicated. The old cases of Francis v. McNeal, 228 U.S. 695, 33 S.Ct. 701, 57 L. Ed. 1029, L.R.A.1915E, and In re Sugar Valley Gin Company, 6 Cir., 292 F. 508, are not applicable here.

The partnership between Turner and Carter was a limited partnership, and provided not only for such limitation and liability, under the Texas statute, but also for the payment of rent due to Turner for the use of his building in which to conduct the business of the partnership.

If and when there is any liability against Turner, growing out of his limited relations with Carter, then, and in that event, that is a subsequent proceeding which may not be ripened by a summary order issued by the Referee in the face of the protest of Turner as to the jurisdiction of the bankruptcy court.

█ The limited partnership would be utterly useless if the assets of the partners to such limited association were subject to administration in the bankruptcy court for the payment of the debts of such limited partnership, after the property of the limited partnership had been exhausted. Even as to that controversy, summary orders might not be made.