**In re C. A. GOLDSMITH CO.**

No. 2369c.

United States District Court
D. New Jersey.

June 11, 1954.

William Harris, Newark, N. J., for receiver.

Joseph Steiner, Newark, N. J., for petitioner Teal Corporation.

MEANEY, District Judge.

This proceeding is a petition for review of an order of the Referee in Bankruptcy denying a motion for dismissal of the Receiver's counterclaim against the appellant who theretofore had filed a petition for reclamation for certain molds in the possession of the Debtor at the time of the filing of its petition under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq.

## Findings of Fact

The factual situation is not in dispute and may be briefly set forth as follows:

1. Prior to the filing of the petition under Chapter XI, C. A. Goldsmith Co. (hereinafter referred to as the Debtor) was engaged in the foundry business.

2. In the course of such business the Debtor entered into an agreement with Teal Corporation, the appellant herein, for the manufacture of certain steel castings.

3. Said steel castings were to be made from molds furnished by Teal Corporation to the Debtor, title to which molds was to remain in the Teal Corporation.

4. Over a period of several months prior to filing of the Debtor's petition, the Debtor manufactured and delivered certain steel castings to the Teal Corporation.

5. The said castings were made through use of the molds furnished the Debtor by Teal Corporation.

6. At the time of the filing of the Debtor's petition certain sums of money were due and owing the Debtor by Teal Corporation for steel castings made with the molds aforesaid.

7. After the filing of the Chapter XI proceedings by the Debtor, Teal Corporation demanded the return of the molds, which demand was refused.

8. Thereafter Teal Corporation filed a petition for reclamation.

9. The Receiver filed an answer admitting that he was in possession of the subject matter of the petition for reclamation, and admitted that it was the property of Teal Corporation.

10. At the same time the Receiver filed a counterclaim for moneys allegedly due the Debtor for steel castings made by use of the molds, and delivered to the petitioner herein, asserting that the Debtor had a lien on the molds, and further asserting that by reason of the institution of the petition for reclamation the petitioner herein was subjected to the jurisdiction of the Bankruptcy Court and that the Bankruptcy Court had the right to determine the merits of the counterclaim.

11. The molds were returned to petitioner, but the Referee retained jurisdiction of the counterclaim.

12. Teal Corporation moved to dismiss the counterclaim, which motion was denied by the Referee.

13. From this order Teal Corporation appealed.

## Discussion

In the first place there is nothing in the case which would indicate the existence of a lien, nor does the appellee in his brief refer to any rights arising out of a lien.

The sole question, then, to be determined on review is whether, under the situation as it existed, the Bankruptcy Court has jurisdiction to determine the counterclaim filed as a responsive pleading to the petition of reclamation. It has been held that where a proof of claim has been filed in a bankruptcy proceeding, the Receiver may counterclaim for such sums as he deems due the Debtor from the claimant, and the Referee has the right to decide the issues raised by the counterclaim in summary proceedings. Florance v. Kresge, 4 Cir., 93 F.2d 784. The situation in the instant case is not so simple. The petition for reclamation asks for the return of property concededly belonging to the appellant herein. There is no question about the real ownership of the subject matter of the petition for reclamation. The basis for the decisions which sanction summary action by the

Referee is the avoidance of multiplicity of litigation and the expeditious administration of bankrupt estates. In the instant case it does not appear that there would be any avoidance of such multiplicity of litigation, unless the Receiver should arbitrarily deny a meritorious right of the petitioner in reclamation, which attempts to secure that which is unquestionably its, and upon which the Debtor has no lien. To rest the right of counterclaim and summary disposition thereof on such action on the part of the Receiver would be to sanction what seems to this Court to be an unfair practice. This is not said by way of criticism of the Receiver who, without specific precedent, attempted to protect what he believed to be the best interests of the Debtor.

There is a further aspect of the case sub judice which affects the determination of the question therein raised. The appellant contends that it has no claim against the Debtor other than that for the return of the property referred to. It would appear therefore that the matter raised by the counterclaim was entirely disconnected from the subject matter of the petition for reclamation. If this be true, then the Bankruptcy Court would have no jurisdiction. See Daniel v. Guaranty Trust Co. of New York, 285 U.S. 154, 52 S.Ct. 326, 328, 76 L.Ed. 675. In that case the court specifically approved of the conclusion of the then Circuit Court of Appeals 8 Cir., 49 F.2d 866, wherein it said, " 'We have been cited to no authority for the proposition that a creditor or other petitioner asking specific relief against a bankrupt's estate, as provided by the Bankruptcy Act, thereby becomes subject to summary orders by the referee in matters entirely disconnected from the subject-matter of such claim or petition, and no such authority is believed to exist.' "

The petition for reclamation in the instant case is not of such a nature and so connected with the subject matter of the counterclaim that the petitioner may be deemed to have submitted its cause to the Bankruptcy Court for full determination in its every aspect. Its only purpose was to secure the return of property concededly the petitioner's and temporarily in the physical possession of the Debtor at the time of filing of the Chapter XI proceeding. Without such submission, express or implied, the Bankruptcy Court may not assume jurisdiction.

In addition to the foregoing, it may be noted that recognition of the petitioner's rights will in nowise diminish the Debtor's estate, nor will it affect the rights of other creditors.

### Conclusions of Law

1. The Bankruptcy Court has no jurisdiction over the subject matter of the counterclaim filed by the Receiver.

2. The petitioner in reclamation is entitled to dismissal of the said counterclaim.

3. The order of the Referee in Bankruptcy is reversed.

Let an order be submitted in conformity to these findings.