345 F.Supp. 1117 (1972)
In re RANCHERO MOTOR INN, INC., Bankrupt.
Loren WETZEL, Trustee, Petitioner,
v.
Garth ECKERT, Respondent.
No. 70-640.
United States District Court, D. Idaho.
July 24, 1972.
John C. Ward, of Langroise, Clark, Sullivan & Smylie, Boise, Idaho, for petitioner.
E. Don Copple, of Davison, Copple & Copple, Boise, Idaho, for respondent.

MEMORANDUM AND ORDER ON MOTION TO DISMISS
J. BLAINE ANDERSON, District Judge.
The motion to dismiss involved here is brought by the respondent, Garth Eckert, who was the owner of all of the stock of the bankrupt Ranchero and its president. It was brought about under these circumstances: Eckert filed as a creditor-claimant against the trustee his claim for approximately $27,000.00 which he claims is owing to him for money loaned to the bankrupt. Upon the filing of respondent's claim, the trustee answered by denying any sum was due Eckert and then counterclaimed that Eckert owed the bankrupt estate *1118 approximately $105,000.00 for unpaid stock subscriptions and also for approximately $96,000.00 paid to Eckert by the bankrupt for work done as a general contractor, which it is claimed was a fraudulent transfer, since Eckert gave no consideration. It should also be noted at this point that there is a pending action in a state district court by lien creditors in which they seek foreclosure of their mechanics' and materialmen's liens and are claiming in a second count that the bankrupt corporation made fraudulent transfers to Eckert. This suit was filed prior to adjudication in bankruptcy and against Ranchero and Eckert personally.
The question before this court is one of summary jurisdiction on the part of this court, the referee having been disqualified, to dispose of the creditor's claim of the respondent and the trustee's counterclaims. The respondent claims there is no jurisdiction since under his interpretation of § 11 U.S.C.A. 46 (§ 23 of the Bankruptcy Act), the District Courts have jurisdiction only by consent of the claimant or by actions brought under §§ 60, 67 or 70 of the Act. The respondent's claims do not involve those sections nor has he consented to summary jurisdiction.
The cases of James Talcott, Inc. v. Glavin, 3 Cir., 104 F.2d 851, cert. denied 308 U.S. 598, 60 S.Ct. 130, 84 L.Ed. 501 and Daniel v. Guaranty Trust Co., 285 U.S. 154, 52 S.Ct. 326, 76 L.Ed. 675, are illuminating, although they may not be dispositive of the problem. In James Talcott, supra, the claimant filed a petition with the referee for money paid and merchandise returned to the bankrupt under accounts assigned to the claimant. The trustee denied the validity of the assigned accounts, alleging that they were preferential. The trustee also counterclaimed that the claimant should turn over all the assigned accounts and surrender moneys collected under them. The court stated, 104 F.2d at page 853:
"In the counterclaims, the appellee (trustee) is attempting to recover property in the possession of the appellant which it holds under a claim alleged to be bona fide and adverse to the bankrupt estate. If he had instituted summary proceedings to recover such property the District Court would not have had jurisdiction to consider the merits of the claim or to grant the prayer for relief, unless it first determined that the appellant's claim . . . was not `real and substantial' . . . or unless the appellant gave its consent to the consideration of the merits in such an action.
However, in the present case, the summary proceedings were instituted by the appellant (claimant), not by the appellee. It is true that this fact alone would not confer upon the District Court jurisdiction to determine matters, raised by way of counterclaim which were `entirely disconnected from the subject-matter of such claim or petition.'" citing Daniel, supra (emphasis mine)
The court found that the counterclaims were definitely connected to the claim of the appellant since they both arose out of the validity of the assignment of accounts. No such interlocked issues appear in this case as the facts have been represented to the court.
In the Daniel case the claimant petitioned for the reclamation of certain bonds. The trustee counterclaimed that the petitioner had money due to the bankrupt estate and requested the return thereof. The referee dismissed the reclamation proceedings and requested that the petitioner return money belonging to the estate. The District Court affirmed. The Court of Appeals reversed, holding that the referee had no jurisdiction, stating:
"The two proceedings were quite distinct. Appellant sought to recover certain bonds to which it claimed title. The trustee sought an order that appellant should pay over money of the bankrupt estate received by appellant after bankruptcy. The proceedings would not have been more unrelated to *1119 each other, . . . We have been cited no authority for the proposition that a creditor or other petitioner asking specific relief against a bankrupt's estate, as provided by the Bankruptcy Act, thereby becomes subject to summary order by the referee in matters entirely disconnected from the subject-matter of such claim or petition, and no such authority is believed to exist." Guaranty Trust Co. v. Daniel, 8 Cir., 49 F.2d 866, 868
The Supreme Court affirmed the Court of Appeals. The test for determining the jurisdiction of the referee as laid out by the Daniel case is the relationship of the claim by the claimant to the counterclaim of the trustee. In the case before us there is no relationship between the claim of Eckert for money loaned to the bankrupt and the counterclaim of the trustee for money owed the bankrupt estate on Eckert's alleged stock subscription made long before bankruptcy and for a fraudulent conveyance from the bankrupt to Eckert, also allegedly made long before bankruptcy. The claims are distinct and, under the authority of the Daniel case, the counterclaims by the trustee should be left to a plenary action, not to a summary disposition by the referee. Unfortunately, this doesn't put an end to the question. Neither the Daniel case nor the Talcott case has been overruled or distinguished by subsequent cases, but, nevertheless, subsequent cases have raised continuing doubt as to the proper solution of the scope of summary jurisdiction.
Both parties to this action cite the case of Katchen v. Landy, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391, as lending support to their claims and as dispositive of the issue. The Katchen case seemingly stands for the narrow holding that the Bankruptcy Act confers summary jurisdiction to the referee to compel a claimant to surrender preferences. It would be difficult to broaden that holding, especially in light of the fact that the Supreme Court was affirming the 10th Circuit Court of Appeals which had held that the referee had summary jurisdiction over voidable preferences but not over the amount of an unpaid stock subscription. See also: Kelley v. Gill, 245 U.S. 116, 38 S.Ct. 38, 62 L.Ed. 185. Since the trustee did not challenge the adverse ruling as to the unpaid stock subscription, it was never before the Supreme Court. The extent of the decision in the Katchen case at the Court of Appeals level was:
"But, we decline to extend the summary jurisdiction of the court by implied consent to counterclaims which do not involve a preference, setoff, voidable lien, or a fraudulent transfer, and which are wholly unrelated to the creditor's claim." Katchen v. Landy, 10 Cir., 336 F.2d at 535, 537. (emphasis supplied)
Likewise, the Supreme Court in Katchen pointed out the narrowness of their decision. In footnote 9, 382 U.S. at page 333, 86 S.Ct. at page 474 they stated:
". . . our decision is governed by the `traditional bankruptcy law that he who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that procedure.' (citing cases) As this is the basis of our decision, we obviously intimate no opinion concerning whether the referee has summary jurisdiction to adjudicate a demand by the trustee for affirmative relief, all of the substantial factual and legal bases for which have not been disposed of in passing on objections to the claim."
Other courts have so construed the narrowness of the Katchen decision. See Ritchie v. Heftler Construction Co., 367 F.2d 358, 360 (1 CA 1966) and In Re Jack Kardow Plumbing Co., 451 F.2d 123, 131 (5 CA 1971).
It is held, therefore, that the Katchen case as applied to the facts of the case at bar would not support summary jurisdiction by the District Court over all of the trustee's counterclaims.
Lending further support to this conclusion is Peters v. Lines, 275 F.2d 919 (9 CA 1960). In Peters the court held *1120 that the filing of a proof of claim by a creditor constitutes a consent to the bankruptcy court's summary jurisdiction to administer a counterclaim by the trustee, provided the subject matter of the counterclaim is the same as that of the original claim. That proviso is quite important as noted by the court at page 925:
"To hold that the filing of a proof of claim is to submit to summary jurisdiction on a counterclaim arising from the same transaction is quite a different matter from holding that submission of a claim is a consent to summary jurisdiction on a counterclaim arising from an entirely separate transaction."
The District Court does not have summary jurisdiction in this matter since the claims by the trustee do not arise out of the same subject matter as those brought by the claimant. Those claims by the trustee should be litigated in a separate plenary proceeding. Therefore, the Motion to Dismiss is hereby granted.