## In re FORTUNATO.

(District Court, S. D. New York. April 30, 1903.)

**1. BANKRUPTCY—CONTEMPT OF COURT—VIOLATION OF INJUNCTION.**

Attorneys for a judgment creditor of a bankrupt, after the entering of an order by the court of bankruptcy enjoining them and their client from taking any further steps in supplementary proceedings for the collection of the judgment, which they had previously instituted in a state court, and with full knowledge of such order, applied for and obtained an order from the state court adjudging the bankrupt in contempt for failure to obey an order made prior to the bankruptcy, and requiring him to pay to such attorneys a fine equal to the judgment and costs. *Held,* that the application for such order was a continuation of the proceedings for the collection of the judgment, in plain violation of the injunction, and that the attorneys in prosecuting it committed a contempt of the court of bankruptcy.

In Bankruptcy. On motion to punish for contempt.

Sigmund Wechsler, for the motion.

Hoffman & Wahle, opposed.

HOLT, District Judge. This is a motion to punish Salvatore Iorio, Charles L. Hoffman, Charles G. F. Wahle, and Henry A. Friedman for contempt. Iorio is a judgment creditor of the bankrupt, Hoffman & Wahle are his attorneys, and Friedman is their clerk. Previous to the bankruptcy, Iorio obtained a judgment against the bankrupt in the City Court of New York for $540.98, issued an execution, which was returned unsatisfied, and obtained an order for the examination of the defendant in supplementary proceedings, returnable August 4, 1902, at 10 o'clock a. m. On that day the defendant and his attorney claim that they attended at the court at 10:25 a. m. The plaintiff's attorneys claim that the defendant did not attend during the first half hour, and that they took his default. They made a motion to punish him for contempt, returnable on September 5, 1902. The defendant and his attorney attended on that day, and the defendant offered himself for examination. The defendant claims that thereupon the motion to punish him for contempt was denied. The plaintiff claims that the court adjudged that the defendant was in contempt, and ordered him to submit to an examination, and that the further disposition of the motion to punish for contempt should stand over until the defendant should be examined in pursuance of the order. The examination of the defendant then proceeded, and an adjournment was had to September 15th, on which day his examination was continued, and a further adjournment was then had, for the purpose of a further examination, to September 27th. On September 24th the defendant Fortunato filed a petition in voluntary bankruptcy in this court, and was adjudged a bankrupt. On the next day, September 25th, Judge Adams, of this court, issued an order, for the alleged violation of which this motion to punish for contempt is made. This order, omitting the preliminary recitals, was as follows:

"Ordered, that Salvatore Iorio, and Hoffman & Wahle, his attorneys, and his and their servants and agents, or any one in anywise acting for him or

¶ 1. Liability of attorneys for contempt, see note to Anderson v. Comptois, 48 C. C. A. 7.

them, be, and they are hereby, jointly and severally, in all respects, enjoined, restrained and stayed from taking any steps, measures, proceedings or procedure in the action or special proceeding wherein said Salvatore Iorio is plaintiff, and Michael Fortunato is defendant, for a period of twelve months from September 24, 1902, the day of adjudication, and if, within that time, the bankrupt shall apply for a discharge, then until the final determination of said application."

This order was duly served on Hoffman & Wahle, the plaintiff's attorneys. Thereafter a motion was made in this court by Hoffman & Wahle to vacate or modify the said injunction order, "so as to permit Salvatore Iorio, creditor of the bankrupt herein, to make an application in the City Court of the City of New York to punish the bankrupt herein for contempt of that court in failing to obey and comply with an order of the said court served upon him." This motion, on November 8, 1902, was in all respects denied by an order of Judge Adams, which was duly entered and served upon Hoffman & Wahle. The original injunction order of Judge Adams of September 25, 1902, has therefore been, ever since it was granted, and is now, in full force.

On January 30, 1903, an order to show cause was obtained by Hoffman & Wahle in said action in the City Court of New York, returnable February 5, 1903, why a rehearing should not be had of the motion made by them on September 5, 1902, to punish Fortunato for contempt. On the return day of that order Fortunato and his counsel appeared in court, and his counsel protested against the motion on the ground, among other grounds, that all proceedings in the City Court had been stayed by the injunction issued by Judge Adams. That motion was denied, with leave to renew.

On February 6, 1903, an order was obtained by Hoffman & Wahle in said action in the City Court of New York ex parte ordering Fortunato to appear in said court on February 27, 1903, for the purpose of signing his testimony given in said supplementary proceedings in September, 1902. The bankrupt and his counsel attended in conformity with the order, and his counsel again protested that all proceedings in the cause in the City Court were enjoined by the order of this court. The bankrupt, however, under protest, signed his testimony. On March 5, 1903, another order was obtained by Hoffman & Wahle in said action in the City Court, returnable March 16th, to show cause why a rehearing should not be had of the motion previously made to punish the bankrupt for contempt. On the return of that order the bankrupt's counsel again protested that all proceedings in the City Court were stayed by the injunction of this court. On March 26, 1903, the judge before whom the motion was made rendered the following decision: "A bailable attachment may be issued herein. I will not commit the debtor at present. Make return day before me in part 4 on April 6. Bail, $100." On April 6, Fortunato and his counsel appeared in the City Court. The counsel again protested that the court had no jurisdiction, and that the parties were enjoined from proceeding by the injunction order of this court. On April 8 the judge handed down the following decision: "Iorio v. Fortunato—Motion granted. I will, however, allow the debtor to pay judgment herein, but he must do so within ten days, or commitment will issue. Order signed." On the same day an order was signed adjudicating the bank-

rupt in contempt of court for disobeying the order dated July 18, 1902, and ordering the bankrupt to pay a fine of $540.98, the amount of the judgment recovered by Iorio, $30 costs of the special proceeding, and $10 costs of the motion, making altogether $580.98. The order directed that the defendant "pay the said fine so imposed to Messrs. Hoffman & Wahle, the attorneys for the plaintiff and judgment creditor, within ten days after the service of a copy of this order upon him." This order recites, among other things, the filing of the petition in bankruptcy, and the obtaining of the order of this court restraining the further examination of the defendant.

There is no proof in this case that Iorio, the judgment creditor, took any part in these proceedings or had any knowledge of them. He probably did, but possibly he did not, and, as there is no specific proof that he did, the motion to punish him for contempt must be denied. As to his attorneys and their clerk, the proof is clear that they had the fullest knowledge of the injunction, and of the claim of the bankrupt that all the proceedings taken in the City Court subsequent to it were in violation of it. They allege in defense of their action that the injunction did not affect the right of the City Court to punish a contempt committed before the injunction was granted. Undoubtedly a court may, on its own motion, punish for a contempt, but such a contempt as took place in this case was inherently entirely different from a contempt which courts ordinarily punish on their own motion, such as, for instance, a personal insult offered to the court. A proceeding for punishing a person for refusal to comply with an order of the court on the ground that it is contempt is usually in substance a mere proceeding in an action, instigated and carried on by a party to the action, or his attorney, as a step in the prosecution of the suit. In this case the fine was measured by the amount of the judgment and the attorney's costs in the special proceeding. It was directed to be paid to the judgment creditor or his attorneys. It was not at all in the nature of a punishment inflicted by the court, on its own motion, for the protection of its own dignity, but was simply a proceeding carried on by the plaintiff's attorneys for the purpose of collecting the judgment. But even if the proceedings in their nature had been proceedings by the court to vindicate its own authority, Hoffman & Wahle and their clerk were enjoined from instituting them or taking any part in them. The attorneys knew that any such proceedings were prohibited, for they moved to vacate the order of this court before taking any proceedings in the City Court after the bankruptcy. The motion to vacate was denied, and the original order of injunction remained in full force, and it was only after all their efforts to vacate it by application to this court had failed that they took the proceedings which they did in the City Court, all of which were strenuously opposed in open court, on the ground that they were violations of the injunction.

The only other excuse which is offered by the attorneys for the creditor in this case is the claim that the bankrupt, after being adjudicated a bankrupt and obtaining the injunction stopping his creditors from proceeding in the City Court, did nothing further for a number of months in the bankruptcy proceedings. If he did not, he and

his attorneys were censurable, and, if this creditor had any ground for complaint in that respect, he should have applied in this court either to have the proceedings for the distribution of the estate in bankruptcy carried on with dispatch, or to vacate the injunction on the ground that the bankrupt was not doing so. But so long as an injunction order of this court stands in full force it must be obeyed.

This, in my opinion, is a clear case of deliberate, intentional, and repeated violations of the order, and contempt for the authority of this court. As I have stated, there is not sufficient proof in this case that Iorio was guilty of contempt. The fact that Friedman was a clerk in the office of Hoffman & Wahle, and presumably subject to their direction and control, has led me to exculpate him, although his conduct in this case has been blameworthy. He made substantially all the affidavits and conducted substantially all the proceedings in the City Court since the bankruptcy, and he ought to have refused to do it.

As to Hoffman & Wahle, I have been in much doubt whether, in view of the gravity of their offense, any penalty less than imprisonment would be adequate. But I am extremely reluctant to impose such a punishment upon members of the bar, and I have concluded not to do so in this case, trusting that a fine will be sufficient to prevent any such conduct by attorneys in the future.

The motion as to Iorio and Friedman is denied, and as to Hoffman & Wahle is granted. An order will be entered directing that, as a punishment for the contempt, a fine be imposed upon each of the attorneys, Charles L. Hoffman and Charles G. F. Wahle, of $100, payable within three days after the entry of the order. Unless within such three days they procure the order of the City Court imposing a fine on the bankrupt to be vacated, they are further fined the sum of $580.98, and will be committed until such order of the City Court is vacated or the fines imposed by this court are paid. The order should be settled on notice.