### In re PENN DEVELOPMENT CO.

(District Court, S. D. California, S. D. February 1, 1915.)

BANKRUPTCY ⬥⟳105—PROCEEDINGS—JUDGMENT IN STATE COURT—INJUNCTION.

> Under Bankr. Act July 1, 1898, c. 541, § 11a, 30 Stat. 549 (Comp. St. 1913, § 9595), providing that a suit on a dischargeable debt which is pending against a person at the time of filing a bankruptcy petition against him shall be stayed until an adjudication or dismissal of the petition, an injunction will not be granted as of course by a bankruptcy court, on the filing of an involuntary petition, restraining a creditor, having a judgment in the state court against a bankrupt on a dischargeable debt, from taking any steps to enforce the same, without any allegation of proof of the threatened invasion of the rights of any creditor, and because of a mere possibility of action being taken which would be injurious to the creditors as a whole, in the absence of any application to the state court for proper relief there.
>
> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 156–158, 162; Dec. Dig. ⬥⟳105.]

In Bankruptcy. In the matter of bankruptcy proceedings of the Penn Development Company. On petition by Theodore Martin, a creditor, for an injunction restraining the enforcement of a judgment recovered against the bankrupt in the state court. Denied.

Theodore Martin and Hunsaker & Harris, all of Los Angeles, Cal., for petitioning creditors.

J. R. Whittemore, of New York City, for alleged bankrupt.

BLEDSOE, District Judge. In the above-mentioned bankruptcy proceeding, initiated by the filing of an involuntary petition, Theodore Martin, one of the creditors of the bankrupt, has filed his verified petition with the court, asking for the issuance of "a writ of injunction" forbidding the said bankrupt, his servants and attorneys, "and all officers, sheriffs, and constables, from selling, disposing of, or in any manner interfering with, any of the property belonging to the bank-

rupt herein, from the issuance of any writs or writ of execution" upon the certain judgment hereinafter referred to, or "from entering judgment in the action" hereinafter referred to, or "proceeding any further with respect thereto." until the further order of the court, etc.

The petition alleges that, within four months previous to the filing of the involuntary petition in bankruptcy herein, one Stephen W. Dorsey obtained in a certain action a default judgment in the superior court of the state of California, in and for the county of Los Angeles, against the said bankrupt, in a sum in excess of $10,000; that at the same time in another certain action in the said court between the same parties, the said Dorsey caused the default of the defendant to be entered in a suit brought by him for the recovery of "an alleged indebtedness" in excess of $95,000; that previously thereto, but within the said four-months period, in each of said actions, the plaintiff, Dorsey, had caused certain property of the said bankrupt to be placed under attachment, and, although it is not so stated, it is presumed that such property is still under such attachment. It is also alleged in the said petition that the bankrupt, at some time previously hereto, made motions in each of said actions for the vacating of the said judgments and the setting aside of the said defaults, which motions were denied by the said court. It is also alleged that appeals were taken by the said bankrupt from the orders denying said motions, but that no stay bonds of any sort were given or filed, and that no attempt has been made by the bankrupt in any manner to stay or interfere with any proceedings which might be taken subsequent to the making and entry of said judgment and of said defaults. The petition then alleges:

"That, due to the condition as herein set forth, it is possible at any moment to issue or cause to be issued upon said judgment writs of execution, and cause them to be levied upon the property of the bankrupt herein; that under the laws of the state of California in such event it is entirely unnecessary to give any notice of issue of execution, levy, or sale thereunder, to any of the creditors of said bankrupt, and it is possible for levy to be made at any time, and sale had thereunder, without any creditors learning thereof in time to prevent a sale and transfer of property of the said bankrupt to any innocent purchaser for value. If said judgment creditor is permitted to proceed any further with said judgment by way of issue of execution, levy, and sale thereunder, same would result in a sacrifice of the assets of the bankrupt, and in addition result in giving to said creditor a preference over other creditors of the same class."

It is then alleged that the said debts of the bankrupt are provable and dischargeable in bankruptcy, and that unless the injunction asked for, and herein above referred to, is granted, the creditors of the bankrupt will suffer irreparable loss and injury.

It appears that there has been no adjudication in bankruptcy herein as yet, and that the judgments and defaults herein above referred to were had and taken prior to the filing of the involuntary petition herein. It is also apparent that the injunction herein petitioned for is asked under and pursuant to the provisions of section 11a of the Bankruptcy Act, which provides that a suit founded upon a dischargeable debt, and which is pending against a person at the time of the filing of a petition against him, "shall be stayed until after an adjudication or the dismissal of the petition."

It will be observed that there is no allegation in the petition that a motion has been made in the superior court of Los Angeles county to stay proceedings in the said actions herein pending, either by staying the issuance of a writ of execution or the entry of judgment, and neither is it alleged that the judgment creditor, or any one acting for him or in his behalf, is about to, or has in any wise indicated that he will, proceed to an enforcement of his judgment, either by the issuance of a writ of execution and sale thereunder, or otherwise. There is, then, nothing alleged to indicate that anything is about to be done which will cause irreparable, or any, loss or injury to the creditors of the said bankrupt or otherwise.

The question thus presents itself: Should this court, upon the filing of an involuntary petition in bankruptcy, *as of course,* and without any allegation or proof of a threatened invasion of the rights of any creditor, issue its injunction enjoining the further prosecution of a suit in a state court for a provable debt against the bankrupt, because of the *mere possibility* of action being taken which will be injurious to the rights of creditors, and in the absence of an application to such state court for the proper relief therein? I cannot believe that such question should be answered in the affirmative.

Though it is true that the writ of injunction is proper to be used in order to effect and secure the stay provided for in said section 11a, supra, nevertheless I can find nothing in the Bankruptcy Act, or otherwise, which seems to justify the issuance of a writ of injunction by the court under any circumstances less strong than would be required in any other instance wherein this prerogative writ of the court was sought to be made use of. In other words, there is nothing in the Bankruptcy Act, per se, which either requires or justifies the issuance of a writ of injunction under any circumstances less formidable than would be required to justify its issuance in any other equitable proceeding. It will be issued, and its use is intended, to prevent the infliction of threatened or imminent, and not mere *possible,* injury.

The principle of law, as I understand it, and as it is usually announced by courts of equity having a due regard to the limitations placed upon their jurisdiction, is well stated in 22 Cyc. 758, as follows:

"It is not sufficient ground for an injunction that the injurious acts may possibly be committed, or that injury may possibly result from the acts sought to be prevented. There must be at least a reasonable probability that the injury will be done if no injunction is granted, and not a mere fear or apprehension."

In Coffeyville Mining & Gas Company v. Citizens' Gas Co., 55 Kan. 173, 40 Pac. 326, the Supreme Court of Kansas said:

"Injunctions cannot be obtained on the visionary basis of fears or beliefs. It is only actual unlawful purposes, made evident by acts or declarations, that furnish a valid foundation for the interposition of the strong arm of the law by injunction. * * * (Citing several cases.) No act or declaration of the defendant is shown indicating a purpose to injure plaintiff's property."

It was therefore held, in consequence, that the disallowance of an injunction in that case was proper. In like vein the Supreme Court

of California (Lorenz v. Waldron, 96 Cal. 243, page 249, 31 Pac. 54, page 56) said:

"A mere possibility, or anything short of a reasonable probability, of injury, is insufficient to warrant an injunction against any proposed use of property by its owner. 'Injury, material and actual, not fanciful or theoretical, or merely possible, must be shown as the necessary or probable result of the action sought to be restrained.' * * * 'The court cannot grant an injunction to allay the fears and apprehensions of individuals; they must show the court that the acts against which they ask protection are not only threatened, but will, in probability, be committed, to their injury.'"

The court then quotes, with approval, from a Nevada case (Sherman v. Clark, 4 Nev. 142, 97 Am. Dec. 516) where the Supreme Court of that state said:

"It must also * * * appear that there is at least a reasonable probability that a real injury will occur if the injunction be not granted."

The disposition of the courts, as well as of the legislative branch of the government, in recent years, has been to limit, rather than to extend, the use of the injunctive arm of the courts—to limit the use to those cases where such use is necessary in order that real and substantial injury to rights or property of an imminent and probable character, may be prevented. There is no reason, in my judgment, why this commendable tendency should not be given due regard in the courts of bankruptcy.

In a proper case, where a court, or a party litigant therein, is about to take some unlawful or unwarranted step with respect to property which is properly subject to the jurisdiction of this court of bankruptcy, both propriety and duty would demand that this court issue its injunction staying or preventing such unlawful or unwarranted act. It is my judgment, however, that in a case like the present, where the proceeding is pending in a state court, because of considerations of comity and with a view of avoiding needless friction between state and federal sovereignties, it were better, in the first instance, for a petitioning creditor to make a motion in the state court for the withholding of a writ of execution, or for such other remedy as may be appropriate. Thereafter, upon a denial of such motion, or, in any event, upon a threatened or probable step by the judgment creditor, or some officer of the court, looking to a sequestration of the property involved, or a use of it unwarranted under the bankruptcy law, application should be made to this court for the issuance of its injunctive relief, and the same would be granted at once, as of right.

The presumption is that every man knows the law and will obey the law. Upon the state court and its various functionaries and the aforesaid judgment creditor being apprised of the fact that the property in question is now subject to administration by this court of bankruptcy, it is to be presumed that they will, one and all, "govern themselves accordingly." In the absence of an allegation or proof of a contrary tendency, it cannot be assumed by this court, at this time, that there is anything more than a mere "possibility" of an interference by any one with the just rights of creditors in the property of the bankrupt. If this court were to concern itself with enjoining mere "possible" inva-

sions of private rights, it could easily, and probably would, happen that the court would have no time for anything else. In addition, it may be suggested that the issuance of an injunction against a man or a public official is suggestive, to say the least, of some slight odium attaching to him, because of an intention by him unlawfully to invade the rights of others. Such a step this court declines to take, except in the presence of such a showing as seems to exhibit indubitable necessity for that action.

Though this proceeding is wholly of an ex parte nature, owing to the fact that a similar request of the same petitioner has heretofore been denied by the court, the present application has been pressed with some insistence, and in support thereof the following authorities have been cited: Loveland on Bankruptcy, pp. 155, 156; In re William E. De Lany & Co. (D. C.) 124 Fed. 280; In re Fortunato (D. C.) 123 Fed. 622; In re Kletchka (D. C.) 92 Fed. 901; section 11a, Bankruptcy Act. It is sufficient to say that none of these authorities sustain the position of petitioner.

The petition for the writ of injunction is denied, without prejudice to its renewal.