## BREHME v. WATSON.

### No. 7029.

Circuit Court of Appeals, Ninth Circuit.

Oct. 30, 1933.

360

Courtney L. Moore and Reuben G. Hunt, both of San Francisco, Cal., for appellant.

Torregano & Stark and Ernest J. Torregano, all of San Francisco, Cal., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

GARRECHT, Circuit Judge.

Appellant, Brehme, an alleged bankrupt, brings this appeal from an order of the District Court sitting in bankruptcy.

The facts are not controverted: Appellant is the indorser of a promissory note executed by Vaca Rancho, a corporation, to Wm. L. Watson, appellee, and secured by a mortgage on the real property of said corporation. The record before us is silent as to the disposition of this note and mortgage, save and except that appellee commenced an action in the superior court of the state of California, in Solano county, against Vaca Rancho and this appellant, praying for the foreclosure of the mortgage and for a deficiency judgment against the corporation and appellant. Five days later, appellee commenced another action in said superior court, this time, however, in San Francisco, against appellant personally, seeking judgment by reason of his indorsement of said note. In the San Francisco suit appellee obtained several writs of attachment which he caused to be levied on certain corporate securities alleged to belong to appellant, and thirty days after the levy of these writs, filed an involuntary petition in bankruptcy against appellant, alleging that he had not received any manner of security for his claim against appellant, and assigning the attachments as acts of bankruptcy pursuant to subdivision 4 of section 3a of the Bankruptcy Act,[1] and offering to surrender the lien of the attachments to the trustee, when appointed, for the benefit of the general creditors in the event of adjudication in bankruptcy. Appellant was never served with summons in the San Francisco suit, and, so far as the record shows, knew nothing of it until the involuntary petition in bankruptcy was instituted.

A motion to dismiss this involuntary petition was timely filed by appellant, on the principal ground that appellee, as an attaching creditor, could not act as a petitioning creditor and assign as acts of bankruptcy the nonrelease of the attachments created or issued at the request of appellee, the said petitioning creditor. This motion was denied and appellant subsequently filed his answer and amended answer to said involuntary petition, and also filed an answer in the San Francisco suit. The latter answer, among other defenses, alleged that there was another action pending in the Solano county court between the same parties and involving the same issue, and prayed for a dismissal of the San Francisco suit. A demurrer filed therein by appellee sought to strike this defense from the answer, but was overruled by that court.

Appellee, two days immediately prior to the date set for the trial in the San Francisco court to determine solely the issue of dual suits between the parties for the same cause, petitioned the bankruptcy court to restrain appellant from proceeding in either of the state court actions, both of which he had commenced against appellant, upon the sole ground that it was for the best interest of appellee, and all other creditors of appellant that said matters be passed upon by the bankruptcy court. The following day appellant filed his answer to this petition alleging the foregoing facts, and that the claim set forth in the involuntary petition in bankruptcy was the same claim alleged and set forth in the state court suits, and that in the event of an adjudication in bankruptcy said claim would not be provable against the estate of appellant, except for any excess over the security of the mortgage executed by the Vaca Rancho, or for any deficiency that might exist after the foreclosure of said mortgage. Appellant also

---

[1] 3a. "Acts of bankruptcy by a person shall consist of his having * * * (4) suffered, or permitted, while insolvent, any creditor to obtain through legal proceedings any levy, attachment, judgment, or other lien, and not having vacated or discharged the same within thirty days from the date such levy, attachment, judgment, or other lien was obtained." As amended May 27, 1926, c. 406, § 3, 44 Stat. 662, 11 USCA § 21 (a) (4).

alleged that said claim is secured, and denied that the bankruptcy court had exclusive and paramount jurisdiction. And, in this connection appellant further alleged that the state court having jurisdiction of the cause and of the parties and having acquired that jurisdiction prior to the institution of bankruptcy proceedings, has the sole and exclusive jurisdiction to determine whether said cause was properly filed and whether or not that court has jurisdiction over the subject-matter, and whether or not the writs of attachment issued therefrom were proper and legal.

The authorities are agreed that the bankruptcy laws merely give to courts of bankruptcy full power to enjoin all persons within their jurisdiction from doing any act that will interfere with or prevent its due administration, or which will cause irreparable damage or injury to the parties, and not otherwise.

In the present case, the petition of appellee for an order restraining appellant contained no allegation that such an order was necessary to prevent threatened or imminent harm or damage, or that any act of appellant in connection with state court actions, instituted by appellee, would in any wise interfere with or prevent the due administration of the bankruptcy court.

Appellant openly contended before the bankruptcy court, and in the San Francisco suit, that, under the California statute, but one suit could be maintained between the same parties for the same cause of action. Appellee by demurrer in the San Francisco suit sought to have this defense stricken from appellant's answer but the demurrer on this ground was overruled, following the case of Fresno Planing Mill Co. v. Manning, 20 Cal. App. 766, 130 P. 196. The trial of this issue was set for the 18th day of November, 1932.

That the determination of this question by a decision of the San Francisco court might have had some bearing on the status of the bankrupt should not have prompted the lower court to interfere.

The foregoing considerations apply with even greater force to the action pending in the Solano county court; nothing that court might do would in any wise affect or interfere with the jurisdiction of the bankruptcy court, and no showing was made that the contemplated trial in the state court would be injurious to the rights of any creditor, or that the estate or res of the alleged bankrupt would have been lost, destroyed, converted, or diminished.

The facts in this case fail to show any reasonable probability that a real injury would occur if the injunction was denied. .

In Re Penn Development Co. (D. C.) 220 F. 222, 224, a creditor, prior to adjudication, attempted to enjoin a proceeding in the state court, and the court there said: "The question thus presents itself: Should this court, upon the filing of an involuntary petition in bankruptcy, *as* of course, and *without any allegation or proof of a threatened invasion of the rights* of any creditor, issue its injunction enjoining the further prosecution of a suit in a state court for a provable debt against the [alleged] bankrupt, because of the *mere possibility of action* being taken which will be *injurious* to the rights of *creditors,* and in the absence of an application to such state court for the proper relief therein? I cannot believe that such question should be answered in the affirmative."

The court subsequently added: " * * * In other words, there is nothing in the Bankruptcy Act, per se, which either requires or justifies the issuance of a writ of injunction under any circumstances less formidable than would be required to justify its issuance in any other equitable proceeding. It will be issued, and its use is intended, to prevent the infliction of threatened or imminent, and not *mere possible, injury.*" (Italics supplied.)

As already indicated appellee had caused to be instituted two actions against appellant in different counties in the state court and in one of these had caused the levy of the attachments, failure to discharge which was alleged as an act of bankruptcy, and thereafter appellee procured this restraining order preventing appellant from having these attachments dissolved and further preventing him from defending these actions in the state court while permitting appellee to proceed with their prosecution. In these circumstances to permit the appellee to continue to press his suits in the state court while at the same time denying appellant the right to present his defenses, was highly inequitable and the making of such a restraining order by the court was an abuse of its discretion.

If the facts conclusively show that it would be inequitable and unjust to award a restraining order, the court has no discretion in the matter but must refuse it. Such order will not be granted when good conscience does not require it; where it will operate oppressively or contrary to justice; where it is not reasonable and equitable under the circumstances of the case. The power of the courts

should be exercised with great caution and only where the reason and necessity therefor are clearly established. 32 C. J. p. 32.

Appellee's effort through the medium of suits brought by him, to precipitate appellant into bankruptcy and thereafter by restraining order prevent him from presenting his defenses to these suits was an unfair and oppressive use of legal process which should not be permitted. 32 C. J. p. 86.

In the absence of any showing of interference with the due administration or jurisdiction of the bankruptcy court, or that the contemplated action of appellant in pressing his defenses to the suits brought against him would be irreparably injurious to the rights of appellee, or any creditor of appellant, or that the estate or res of appellant would have been either lost, destroyed, converted, or diminished, it was error on the part of the bankruptcy court to issue the order here complained of.

Reversed with directions to dissolve the order restraining appellant from proceeding in the state court suits.