## In re SOLAR MFG. CORP.
### No. 7324a.

United States District Court
D. New Jersey.
Feb. 5, 1952.

See also, 94 F.Supp. 878.

Riker, Emery & Danzig, Newark, N. J., Irving Riker, Newark, N. J., of counsel, for Marine Midland Trust Co.

Samuel M. Coombs, Jr., and John J. McGirl, trustees.

George Zolotar, New York City, Ezra Weiss, New York City, of counsel, for Securities & Exchange Commission.

Greene & Hellring, Newark, N. J., Bernard Hellring, Newark, N. J., of counsel, for First Nat. Bank of Jersey City.

860

Samuel Marion, New York City, for bondholders.

Milton M. Unger and Adrian M. Unger, Newark, N. J., Edward Endelman, New York City, of counsel, for Cowen Committee.

Isadore Glauberman, Jersey City, N. J., for Peltason Tenenbaum Co. and Paul Kern, bondholders.

FAKE, District Judge.

Briefly stated, the issue now to be decided is: Does the Bankruptcy Court have jurisdiction summarily to pass upon the issues raised by certain answers and counterclaims interposed by the trustees to claims filed by the Marine Midland Trust Co., or is a plenary suit required calling for a jury trial.

The issue above stated was referred to the Referee to report on as a Special Master. In his written report, he recommends that the answer be deferred until the trial. However, I have since been waited upon by counsel on both sides, and also by the Master, and they all agree that I should answer the question and dispose of it now before the trial. Oral arguments have been heard, exhaustive briefs have been filed, and cross correspondence has passed between counsel and the Court.

█ The Marine Midland Trust Co. filed herein, under the order of this court, its accounting as Indenture Trustee after it had resigned as Indenture Trustee. To this accounting, the former trustees filed an answer and counterclaim, in which counterclaim the trustees charge that the Marine Midland Trust Co. as Indenture Trustee has improperly accounted and has negligently performed its duties as indenture trustee while it was also a general creditor of the Debtor, and had purchased the debtor's accounts receivable. This counterclaim of the trustees raises an equitable question which is within the jurisdiction of this court sitting in bankruptcy.

It is argued that no equitable relief is involved in other issues raised by the answers or counterclaims. The only relief they seek is affirmative money judgments. Standing alone, in the absence of the claims, and aside from the fact that we are functioning in bankruptcy, there can be no doubt but that these latter actions on the counterclaims are at law, and jury trials would be guaranteed by the Constitution. Such result is not arrived at here, however, for the following reasons:

Attention is directed to an opinion by Judge Parker of the Fourth Circuit in Columbia Foundry Co. v. Lochner, 179 F. 2d 630, 634, 14 A.L.R.2d 1349. The question there was whether the Bankruptcy Court had jurisdiction to entertain a counterclaim when a jury trial was demanded. The |Judge said among other things: "The distinction between a receivership in equity and a bankruptcy proceeding is not valid in this connection. Bankruptcy courts are essentially courts of equity for many purposes; and they sit as courts of equity in dealing with the claims of creditors and try them without the intervention of a jury. Pepper v. Litton, 308 U.S. 295, 303–311, 60 S.Ct. 238, 84 L.Ed. 281; In re International Power Securities Corp., 3 Cir., 170 F.2d 399, 402; In re Kansas City Journal-Post Co., 8 Cir., 144 F.2d 791, 800; In re Commonwealth Light & Power Co., 7 Cir., 141 F.2d 734, 736."

█ It has been held over the years that the equitable jurisdiction of the Courts of the United States is the same as that which was exercised by the High Court of Chancery of England as it existed in the year 1789, prior to the adoption of our Constitution. Robinson v. Campbell, 3 Wheat. 212, 16 U.S. 212; Pennsylvania v. Wheeling Bridge Co., 13 How. 518, 54 U.S. 518, 14 L.Ed. 249; Payne v. Hook, 7 Wall. 425, 74 U.S. 425, 19 L.Ed. 260; McConihay v. Wright, 121 U.S. 201, 7 S.Ct. 940, 30 L.Ed. 932. Looking then to the High Court of Chancery of that earlier period, we find the case of Parker v. Dee, 1674, 2 Ch.Cas. 200, 22 Eng.Rep. 910. In that case, Lord Nottingham said, "Where this court can determine the matter, it shall not be a handmaid to other courts, nor beget a suit to be ended elsewhere." This is but another way of saying that, "When once equity has interfered to prevent a wrong or to preserve a right, it will retain its jurisdic-

tion until a complete remedy is afforded, although it may be necessary to determine purely legal questions." Eaton's Handbook of Equity Jurisprudence, page 39, and cases there cited. See also Pomeroy, Vol. 1, Sec. 181. To the same effect is the leading case of Alexander v. Hillman, 296 U.S. 222, 56 S.Ct. 204, 211, 80 L.Ed. 192, wherein Mr. Justice Butler, after an exhaustive study of the question, and speaking for a unanimous court says: "Respondents' contention means that, while invoking the court's jurisdiction to establish their right to participate in the distribution, they may deny its power to require them to account for what they misappropriated. In behalf of creditors and stockholders, the receivers reasonably may insist that, before taking aught, respondents may by the receivership court be required to make restitution. That requirement is in harmony with the rule generally followed by courts of equity that, having jurisdiction of the parties to controversies brought before them, they will decide all matters in dispute and decree complete relief." Cases cited, Pomeroy, 181, 231. United States v. Union P. R. Co., 160 U.S. 1, 52, 16 S.Ct. 190, 40 L.Ed. 319, 337; Camp v. Boyd, 229 U.S. 530, 551, 552, 33 S.Ct. 785, 57 L.Ed. 1317, 1326, 1327; McGowan v. Parish, 237 U.S. 285, 296, 963, 35 S.Ct. 543, 59 L.Ed. 955; Greene v. Louisville & I. R. Co., 244 U.S. 499, 520, 37 S.Ct. 673, 61 L.Ed. 1280, 1290, Ann.Cas. 1917E, 88. Cf. Hartford Acci. & Indem. Co. v. Southern P. Co., 273 U.S. 207, 217, 218, 47 S.Ct. 357, 71 L.Ed. 612, 616, 617. Distribution may not be made without decision upon the counterclaims. Nothing is more clearly a part of the subject matter of the main suit than recovery of all that to the res belongs. Gasquet v. Fidelity Trust & S. V. Co., supra, 5 Cir., 57 F. 80, 84; Peck v. Elliott, 6 Cir., 79 F. 10, 38 L.R. A. 616, supra; Hollander v. Heaslip, 5 Cir., 222 F. 808, 811.

See also the opinion by Chief Judge Leahy, in Petroleum Conversion Corp., D. C.1951, 99 F.Supp. 899, wherein he holds that jurisdiction follows the filing of the proof of claim and affirmative judgment may be entered on trustee's counterclaims. Another late case is In re Nathan, 98 F.

Supp. 686, a bankruptcy proceeding in which Judge Mathes of California reviews the cases in a most exhaustive manner and concludes that the bankruptcy court has jurisdiction summarily to hear and determine the issues raised on a counterclaim as a defense or set-off to a filed claim.

From the foregoing, I conclude that in the instant case, the bankruptcy court has summary jurisdiction to hear and determine the matters and things placed in issue by the trustees' answers and counterclaims filed against the claims of the Marine Midland Trust Co.