## In re GROSS.
### No. 50562.

United States District Court
E. D. New York.
May 12, 1954.

Rubin Cohen, by J. L. Simon, New York City, for trustee.

Manes, Sturim, Donovan & Laufer, New York City, for respondents.

RAYFIEL, District Judge.

The trustee herein seeks the review of an order of Hon. Sherman D. Warner, Referee in Bankruptcy, wherein he dismissed the trustee's application directing Abe Dworkes, Irving Dworkes and Samuel Berkowitz to turn over to the trustee certain fixtures and equipment claimed to be the property of the bankrupt. The decision of the Referee, and the order entered thereon, sustained the respondents' objection to the exercise of summary jurisdiction, and dismissed the trustee's petition, without prejudice to the commencement of a plenary suit for the relief therein sought.

The trustee contends that the Referee erred in dismissing his petition since the respondents had waived their objection to the exercise of summary jurisdiction by failing to assert it in the time provided by Section 2, sub. a(7) of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(7).

These, in brief, are the facts: On June 8, 1953, the Referee signed an order, based on the trustee's petition, requiring the respondents to show cause why they should not surrender certain fixtures, equipment, merchandise, etc., belonging to the bankrupt, and, in the meantime, restraining them from disposing thereof. The motion was returnable before the Referee on June 11, 1953. On that day the respondents appeared by counsel, who interposed a verified answer denying the material allegation of the petition respecting ownership and possession, and an affidavit of the respondent Abe Dworkes. Thereupon the Referee, at the trustee's request, fixed June 30, 1953, as the date for the trial of the issues raised by the petition and answer. However, the trustee conducted an adjourned first meeting examination on June 11, 1953, during which certain testimony pertinent to the turnover proceeding was adduced, and it was stipulated by the respondents' attorney that this testimony, as well as various documents received in evidence during the examination, could be used in connection with the turnover proceeding.

On June 25, 1953, the trustee conducted an examination under Section 21, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 44, sub. a, and it was stipulated between the attorneys for both the trustee and the respondents that certain testimony ad-

duced at such examination, which the attorneys agreed was pertinent, could be considered in the determination of the turnover proceeding.

On June 30, 1953, at the hearing before the Referee on the turnover proceeding, the attorney for the respondents moved to amend his answer to include a denial of another material allegation of the petition. The Referee granted the motion, after which the respondents' attorney asked for an adjournment on the ground that the respondents had decided to obtain other counsel. The attorney for the trustee thereupon asked that certain records and documents which had been produced by the respondents be marked in evidence. The hearing was then adjourned to July 21, 1953.

On July 21, 1953, the matter apparently was again adjourned, because the record discloses that the next time the matter came on to be heard was on September 15, 1953. At that time new attorneys appeared for the respondents and moved that the court refuse to take jurisdiction of the matter on the ground that it involved a claim to title by a third party, which antedated the filing of the petition in bankruptcy. The learned Referee granted the motion and this review followed.

The pertinent portion of section 2, sub. a(7) of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(7), as amended, reads as follows: " * * * and where in a controversy arising in a proceeding under this title an adverse party does not interpose objection to the summary jurisdiction of the court of bankruptcy, by answer or motion filed before the expiration of the time prescribed by law or rule of court or fixed or extended by order of court for the filing of an answer to the petition, motion or other pleading to which he is adverse, he shall be deemed to have consented to such jurisdiction".

The amendment to the section was approved on July 7, 1952, and went into effect on October 7, 1952. According to the House Report on the bill, filed by the House of Representatives Committee which had the bill in its charge, it was enacted to correct a condition created by the decision of the United States Supreme Court in the case of Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97, which held that in a turnover proceeding the respondent could make objection to the summary jurisdiction of the Bankruptcy Court *at any time before entry of the final order in the proceeding* even though the matter had been proceeded with on the merits without objection on his part to jurisdiction. The language of the amendment is very clear; the objection to the jurisdiction must be made by the respondent "by answer or motion filed before the expiration of the time * * * fixed or extended by order of court for the filing of an answer to the petition, motion or other pleading to which he is adverse"; otherwise "he shall be deemed to have consented to such jurisdiction".

In the case at bar no objection to the jurisdiction was made in the answer; the respondents stipulated that portions of the testimony taken at the adjourned first meeting hearing on June 11, 1953, and the examination under Section 21, sub. a, supra, on June 25, 1953, might be used in the turnover proceeding. On June 30, 1953, the date set for the trial of the turnover proceeding, the respondents made no objection to jurisdiction despite the fact that an oral motion was made to amend their answer. No motion was made respecting jurisdiction until two and one-half months later, when new counsel raised that question for the first time.

It is my opinion that this is precisely the kind of situation sought to be covered by the aforementioned amendment of Section 2, sub. a(7) of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(7). The turnover proceeding herein had proceeded to trial without objection. The Referee, at page 11 of the record of the hearing, held on September 15, 1953, said "Well, I would like to indicate on the record that they (referring to the turnover proceedings) did officially commence and I believe we have over 150 pages of

testimony to show some appreciation not only on the part of the attorney for the trustee but on the part of the attorney for the respondents of what was taking place here."

To permit the respondents to raise the question of jurisdiction for the first time at this stage of the trial would be violative and in disregard of Section 2, sub. a(7), supra. I believe there has been a waiver of that objection, and hence the order of the Referee is reversed, and the matter remanded for the completion of the turnover proceeding.