In the Matter of **SNOW CAMP LOGGING COMPANY**, a copartnership composed of Clarence Vander Jack, Clarence C. Vander Jack, and Horace Mecklem, Jr., and Jeanne V. Mecklem, Clarence Vander Jack, Clarence C. Vander Jack and Horace Mecklem, Jr., and Jeanne V. Mecklem, individually, Bankrupts.

No. 14388.

United States District Court
N. D. California, N. D.
Oct. 30, 1958.

Huber & Goodwin, Eureka, Cal., L. W. Wrixon, Charles M. Stark and Paul W. McComish, San Francisco, Cal., for petitioners S. A. Peters and Timber Inc. of California, a corporation.

Max H. Margolis, San Francisco, Cal., Frederick L. Hilger, Eureka, Cal., for trustee.

HALBERT, District Judge.

In this proceeding S. A. Peters and Timber Incorporated of California (hereinafter referred to as petitioners) seek the review of an order of the referee in bankruptcy (Bankruptcy Act, § 2, sub. a(10), 11 U.S.C.A. § 11, sub. a(10) arising out of the administration of the estate of Snow Camp Logging Company, a bankrupt partnership, which said order embodies a joint judgment against petitioners.

Petitioners entered these proceedings by filing proof of an unliquidated claim in which was alleged the breach of a contract for the supply of logs entered into between S. A. Peters (and subsequently assigned to Timber Incorporated of California) and the bankrupt. This was opposed by the trustee, who petitioned the referee for an order disallowing the claim (Bankruptcy Act, § 57, sub. d, 11 U.S.C.A. § 93, sub. d). In addition, the trustee sought affirmative relief alleging a breach of that same contract on.

the part of petitioners. The referee issued an order directing petitioners to show cause why the trustee's request for affirmative relief should not be granted.

Before the date set for the hearing on the order to show cause, petitioners appeared specially to object to the jurisdiction of the bankruptcy court on the ground that there was then pending in the Superior Court of the State of California, in and for the County of Humboldt, an action entitled Snow Camp Logging Co., a corporation, plaintiff, v. S. A. Peters and Timber Incorporated of California, defendants, and that the subject matter of said action was the same as that embodied in the trustee's petition for affirmative relief. This objection was overruled by the referee.

Petitioners then filed a motion for permission to withdraw their claim, again alleging the pendency of the state action, and also alleging that the bankrupt had no interest in the contract as it had been assigned to Snow Camp Logging Company, a corporation, which was not bankrupt. This motion, too, was overruled. Petitioners then made their return to the order to show cause, together with a plea in abatement reiterating their former objections.

The matter came on regularly and was heard by the referee. After a notice of decision and the submission by both parties of suggested findings of fact and conclusions of law, an order, judgment and decree was issued by the referee in which it was ordered that the trustee of the estate of Snow Camp Logging Company, a partnership, have judgment; and that such judgment be entered in his favor and against S. A. Peters and Timber Incorporated of California, in the amount of $674,627.47.

█ In their petition for review, petitioners have taken wholesale objection to the factual findings of the referee, as well as his conclusions of law. As most of these objections were not pressed in petitioners' memoranda, they will not be considered in detail except insofar as they impinge upon the larger issues presented (Humphreys Gold Corp. v. Lewis, 9 Cir., 90 F.2d 896).

## I.

█ Petitioners first contend that the contract upon which their claim was founded, and upon which the judgment was based, was not an asset of the bankrupt's estate. This issue was first raised in petitioners' Motion for Withdrawal of claim. In that motion petitioners asserted that it was alleged in the complaint in the state action that Snow Camp Logging Company, a corporation, was the assignee of the contract. In their memoranda here petitioners also point to the trustee's statement (in his petition for an order disallowing the claim) that the contract had been assigned to the corporation without consideration and, therefore, was an asset of the partnership. There is nothing about these statements which required the referee to accept them as determinative of this issue.

A specific finding of the referee on this point (Referee's Findings of Fact No. 19 reads: "That at the time of the filing of the petition in bankruptcy herein said bankrupts owned the rights and property in and to said writing, * * *") is attacked on the ground that there is not one scintilla of evidence, either oral or documentary, to support that determination. This attack is without foundation. The only record before this Court is the transcript of the proceedings had to determine which party breached the contract, and the extent of the damages. The issue of ownership was decided adversely to petitioners before that time. Lacking a coherent statement of facts by either party, it is impossible to determine the exact course of events which surrounded the referee's conclusion that the contract did, in fact, constitute an asset of the bankrupt's estate. A detailed consideration of the reasoning which might have prompted this conclusion would serve no purpose. It is sufficient to point out that there are a number of pos-

sible bases, both procedural (E.g.: issue not properly presented. [Federal Rules of Civil Procedure, rules 25, 12(h) and 19(b), 28 U.S.C.A.]) and substantive (E.g.: corporate assignee not sufficiently separated from the bankrupt. [In re Gillespie Tire Co., D.C., 54 F.Supp. 336). In any event, such a general attack as that of petitioners is legally insufficient (See: Coffman v. Cobra Mfg. Co., 9 Cir., 214 F.2d 489; Gramil Weaving Corp. v. Raindeer Fabrics, Inc., 2 Cir., 185 F.2d 537; and Humphreys Gold Corp. v. Lewis, supra) to challenge the referee's factual determination concerning the result of the alleged assignment (In re Steinberg, D.C., 138 F.Supp. 462).

## II.

It is further urged by petitioners that the general rules of comity were violated by the referee when he proceeded to hear the issues raised by the claim, and the trustee's motion in opposition thereto. It appears that the action in the state court, between Snow Camp Logging Co., a corporation, and petitioners, had been instituted prior to the adjudication of bankruptcy of the partnership. In that suit petitioners had made answer, coupled with a cross complaint, and after the appointment of a trustee, the trustee's attorneys had been substituted for those of the corporation. While a trial date had been set, a hearing on the merits had not begun.

The memoranda filed in this proceeding contain elaborate discussions of the principles of comity, but they do not consider the crucial question, viz., whether a breach of comity is reversible error. There is, however, no need to approach that problem as the issue was not properly raised here. The petition for review did not allege error in that respect (Bankruptcy Act, § 39, sub. c., 11 U.S.C.A. § 67, sub. c), and thus that point cannot be considered by this Court in this proceeding (In re Moskowitz, D.C., 63 F.Supp. 1000; and In re Musgrave, D.C., 27 F.Supp. 341).

## III.

The petition for review does allege as error the action of the referee in restraining petitioners' attorneys, at the trustee's request, from proceeding in the state action. Petitioners' briefs seem to question not the power of the referee (See: Bankruptcy Act, §§ 2, sub. a(15), 1(9), and 38(6), 11 U.S.C.A. §§ 11, sub. a(15), 1(9), 66(6)), but rather the propriety of such action. In support of their position, petitioners rely exclusively on Brehme v. Watson, 9 Cir., 67 F.2d 359. The applicability of that case is not clear. It certainly falls far short of being persuasive authority in this proceeding. In that case a creditor attached the property of one Brehme in an attempt to force Brehme into involuntary bankruptcy. When Brehme sought to contest the attachment in the state court, the creditor appeared before the bankruptcy court, as a petitioning creditor, and obtained a restraining order which enjoined Brehme from defending in the state court the suit upon which the attachment was based. In reversing the bankruptcy court and dissolving the restraining order, the Court of Appeals for the Ninth Circuit held that "Appellee's [the creditor's] effort through the medium of suits brought by him, to precipitate appellant into bankruptcy and thereafter by restraining order prevent him from presenting his defenses to these suits was an unfair and oppressive use of legal process which should not be permitted." (Brehme v. Watson, supra, 67 F.2d at page 362).

The only principle of the Brehme case which has any relation to the instant appeal is that such an injunction, issued by a court of bankruptcy, may be directly appealed. This fact points to the rule which is determinative of the issue here. The question of the referee's jurisdiction to grant the restraining order was first raised by this proceeding for a review. No prior review of the order was sought or obtained within the time within which such review might have been taken (Bankruptcy Act, § 39, sub. c). The ref-

eree's restraining order is, therefore, conclusive as to petitioners.

## IV.

It is further contended by petitioners that the referee was without authority or power to summarily adjudicate the issues raised by their claim, and by the trustee's counterclaim for affirmative relief. It is conceded by the trustee that the bankruptcy court does not have summary jurisdiction over a controversy respecting property or a chose in action held adversely to the bankrupt estate, without the consent of the adverse claimant (Bankruptcy Act, § 23, sub. a, 11 U.S.C.A. § 46, sub. a, and City and County of Denver v. Warner, 10 Cir., 169 F. 2d 508). The precise question here, however, is whether petitioners' entry into the bankruptcy proceedings, through the filing of a claim, constituted such requisite consent and thereby empowered the bankruptcy court to not only summarily deny the claim, but also to summarily consider the counterclaim based on the same contract (See: General Order in Bankruptcy No. 37, 11 U.S. .C.A. following section 53, and Federal Rules of Civil Procedure, rule 13(a)), and grant affirmative relief thereon.

Petitioners cite several recent cases from the Fifth Circuit for the proposition that the presentation of a claim does not constitute consent to the summary jurisdiction of the bankruptcy court where timely objection (In re Gross, D.C., 121 F.Supp. 38) to such summary jurisdiction has been made. An analysis of the two cases most strongly relied upon indicates that their *ratio decidendi* does not encompass such a general statement. While seemingly supporting petitioners' statement of the rule, examination of the factual situations involved in these two cases (B. F. Avery & Sons Co. v. Davis, 5 Cir., 192 F.2d 255, certiorari denied 342 U.S. 945, 72 S.Ct. 559, 96 L.Ed. 703; and In re Tommie's Dine & Dance, D.C., 102 F. Supp. 627) shows that they were concerned with an adverse claimant who also filed a claim against the estate. The adverse claimant held property which the trustee alleged was received in a preferential transaction, while the claim was founded upon an entirely separate and distinct transaction, which is not the situation presented on the instant appeal.

While the broad rule urged by petitioners has been followed by some courts (In re Houston Seed Co., D.C., 122 F. Supp. 340. And see Duda v. Sterling Mfg. Co., (Chap. X proceeding) 8 Cir., 178 F.2d 428, 14 A.L.R.2d 899, but c.f.: In re Eakin, 2 Cir., 154 F.2d 717), there has been no real unanimity among the reported decisions (Compare In re Solar Mfg. Corp., D.C., 102 F.Supp. 859, affirmed 3 Cir., 200 F.2d 327, certiorari denied sub nom. Marine Midland Trust Co. of New York v. McGirl, 345 U.S. 940, 73 S.Ct. 831, 97 L.Ed. 1366).

When first confronted with the problem of implied consent to the summary jurisdiction of the bankruptcy court, as affected by a trustee's attempt to assert a counterclaim, two positions were taken. Some courts held that the claimant consented to a summary adjudication of the counterclaim, but not in an amount exceeding the claim (Metz v. Knobel, 2 Cir., 21 F.2d 317; In re Florsheim, D.C., 24 F.Supp. 991; and Fitch v. Richardson, 1 Cir., 147 F. 197). This view was founded on the premise that such a defensive summary jurisdiction was a necessary incident to the court's power to determine allowability (Bankruptcy Act, § 57, sub. g, and § 2, sub. a, and Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281) and to set off claims with counterclaims (Bankruptcy Act, § 68, sub. a, 11 U.S.C.A. § 108, sub. a), especially where the counterclaim was based on an alleged preference (Bankruptcy Act, § 60, 11 U.S.C.A. § 96).

The fundamental difficulty with this procedure was that the question of a preference having been adjudicated, that issue was *res judicata*, as were the facts, and thus binding in the plenary action which then had to be brought by the trustee in an appropriate forum to re-

cover any amount of the preference in excess of the claim (Giffin v. Vought, 2 Cir., 175 F.2d 186).

As this required a trustee to split a cause of action, other courts rejected this procedure and held that since a counterclaim, such as an alleged preference, was a valid defense which the trustee might interpose to a claim, and the bankruptcy court had jurisdiction to summarily adjudicate the counterclaim up to the amount of the claim, it was unreasonable to require the trustee to seek out the creditor in order to recover the remainder. Appreciating that an insistence upon an independent action, where the facts had been conclusively settled in the insolvency proceeding, did no more than raise a formal obstacle to the collection of an amount already found owing, these courts held that the proper course was for the referee to hold the claim in abeyance until the preference issue had been determined in a plenary suit (In re Continental Producing Co., D.C., 261 F. 627).

After Alexander v. Hillman, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192, which sustained the equitable jurisdiction of a receiver over counterclaims for portions of the receivership *res* adversely held by those who had filed claims to a part of the estate, that decision was extended by analogy to include a claim and counterclaim based on a legal contract, for a sum certain. Thus extended, it was held that the filing of an unsecured claim, in itself, amounts to consent to the summary determination of a set off and, if the striking of balances warrants, the award of a judgment against the claimant and in favor of the trustee (Florence v. Kresge, 4 Cir., 93 F.2d 784). This holding was premised on the argument that once the equitable jurisdiction of the court had been voluntarily invoked by the presentation of a claim, the court was empowered to decide all matters in dispute and decree complete relief. For, where the claim and counterclaim arose out of the same transaction (Daniel v. Guaranty Trust Co. of New York, 285 U.S. 154, 52 S.Ct. 326, 76 L.Ed. 675) once the juris-

diction of the court had been invoked, the petitioner risks " * * * all of the disadvantages which may flow to him as a consequence, as well as gaining all of the benefits." (See: Case v. Los Angeles Lumber Products Co., 308 U.S. 106, at page 127, 60 S.Ct. 1, at page 12, 84 L.Ed. 110; see also: Floro Realty & Investment Co. v. Steem Electric Corp., 8 Cir., 128 F.2d 338; and Inter-State National Bank of Kansas City v. Luther, 10 Cir., 221 F.2d 382).

The original view in this circuit seemingly was one of opposition to implied consent (In re Continental Producing Co., supra; In re Bowers, D.C., 33 F.Supp. 965; and see: In re Patterson-MacDonald Shipbuilding Co., D.C., 284 F. 281; and In re Florsheim, supra), but this no longer is the law. While the Court of Appeals has not spoken directly on the matter, it has stated in a similar situation that the effect of Alexander v. Hillman, supra, in conjunction with Williams v. Austrian, 331 U.S. 642, 67 S.Ct. 1443, 91 L.Ed. 1718, is to make such implied consent an additional ground for jurisdiction (Coffman v. Cobra Mfg. Co., 9 Cir., 214 F.2d 489). It now seems well settled in this circuit that where the counterclaim is based on an alleged preference, arising out of the same transaction as the claim, the presentation of the claim constitutes consent to the summary jurisdiction of the bankruptcy court, and the court has the power to give judgment for the trustee to the extent that the counterclaim exceeds the claim (In re Nathan, D.C., 98 F.Supp. 686; see also In re Mercury Engineering Co., D.C., 60 F.Supp. 786; and In re Germain, D.C., 144 F.Supp. 678).

In other circuits, it has been held that the bankruptcy court has the power, where a claim is submitted, to grant an award in favor of the trustee on an unliquidated counterclaim for breach of warranty (Columbia Foundry Co. v. Lochner, 4 Cir., 179 F.2d 630, 14 A.L.R. 2d 1350) as well as for a sum certain (Florence v. Kresge, supra) based on a legal contract. To refuse to allow the bankruptcy court to do this would re-

quire the trustee to split a cause of action (See: Conway v. Union Bank of Switzerland, 2 Cir., 204 F.2d 603), and to allow withdrawal of the claim would violate the principle embodied in Federal Rules of Civil Procedure, rule 41(a) (2) (See: In re Nathan, supra).

■ Petitioners here submitted to the trustee an unliquidated claim based on an alleged breach of contract by the bankrupt partnership. The trustee's counterclaim alleged a breach of that same contract, but on the part of petitioners. The referee exercised his discretion and chose to retain the claim (Bankruptcy Act, § 57, sub. d). The referee proceeded to summarily adjudicate the issues and reached the final determination that petitioners were indebted to the estate of the bankrupt.

Even assuming that the position taken by petitioners represents the law in the Fifth Circuit, this Court must respectfully disagree with the learned judges of that Circuit. In the view of this Court, such a rule lacks the practicality that all rules of law ought to enjoy, and in addition, it fails to consider the impact of Alexander v. Hillman, supra, and Williams v. Austrian, supra, on the problem of implied consent to summary jurisdiction in such situations as the one presented here. It is the considered opinion of this Court that the submission of the claim by petitioners constituted consent to the jurisdiction of the bankruptcy court as to any and all counterclaims arising out of the same transaction on which the submitted claim is based. This being the case, the referee had the power and authority to hear and adjudicate the unliquidated claim, together with the counterclaim of petitioners and the trustee and, having determined that the contract was breached solely by petitioners, compute and award damages to the trustee.

■ As to petitioners' contention that they were denied their right to a trial by jury, it need only be said that petitioners themselves chose the forum in which to litigate the issues when they filed their claim with the referee in this proceeding. A court of bankruptcy is a court of equity (Bookey v. King, 9 Cir., 236 F.2d 871), and in equity there is no right to trial by jury (United States v. State of Louisiana, 339 U.S. 699, 70 S.Ct. 914, 94 L.Ed. 1216; Shields v. Thomas, 18 How. 253, 15 L.Ed. 368; Barton v. Barbour, 104 U.S. 126, 26 L.Ed. 672; Luria v. United States, 231 U.S. 9, 34 S.Ct. 10, 58 L.Ed. 101; and Baker v. Mueller, 7 Cir., 222 F.2d 180). Petitioners' position with reference to their claim of a right to a trial with a jury, not unlike several other claims now made by them, leaves the Court with the feeling that they "want to have their cake and eat it too." This they cannot do.

### V.

■ The final exceptions taken by petitioners are to certain findings of fact made by the referee. In view of the referee's Findings of Fact Nos. 24 and 25 (that none of the allegations of the claim were true; and that the testimony of petitioners offered to contradict that of the trustee was not true) such attacks must fail. The referee in his capacity as trier of the facts chose to believe the evidence adduced by the trustee. The semantic quibbling of petitioners in their attempt to question the sufficiency of the evidence upon which said findings were based is not worthy of discussion (Federal Rules of Civil Procedure, rule 52(a), and Costello v. Fazio, 9 Cir., 256 F.2d 903).

It Is, Therefore, Ordered that the Order, Judgment and Decree of March 25, 1958, entered by the referee in this proceeding, the review of which is sought by petitioner, be, and the same is, hereby approved and confirmed.

It Is Further Ordered that the order of this Court, heretofore made, dated March 26, 1958, be, and the same is, hereby reaffirmed and approved.